■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v PETER GAROFANO, Also Known as PETER GARAFANO, et al., Respondents.—In a condemnation proceeding, the appeal is from an order of the Supreme Court, Orange County, entered October 5, 1977, which, *inter alia,* (1) confirmed the amended report of the Commissioners of Appraisal, dated July 28, 1976, (2) directed appellant to pay respondent Peter Garofano the sum of $44,000 as compensation and (3) granted said respondent an additional allowance of $2,200. Order affirmed, with costs. In this matter, issues of fact were presented to the commissioners and resolved by them. It cannot be said that their findings were not supported by substantial evidence. Mollen, P. J., Hopkins, Titone, Hawkins and O'Connor, JJ., concur.

■ CONSOLIDATED EDISON COMPANY OF NEW YORK, Appellant, v PEARL PORT et al., Defendants, and HERBERT S. PORT et al., Respondents.—In a condemnation proceeding, the appeal is from an order of the Supreme Court, Orange County, entered December 12, 1977, which confirmed and approved the supplemental report of the Commissioners of Appraisal, filed April 25, 1977. Order affirmed, with costs. In this matter, issues of fact were presented to the commissioners and resolved by them. It cannot be said that their findings were not supported by substantial evidence. Mollen, P. J., Hopkins, Titone, Hawkins and O'Connor, JJ., concur.

■ MARIE A. DE VRIES, Respondent, v WILLIAM H. DE VRIES, Appellant. —In a matrimonial action, defendant appeals from so much of a judgment of the Supreme Court, Nassau County, dated June 30, 1978, as awarded the plaintiff the sum of $800 per week as alimony and child support and dismissed his counterclaim to impress a trust on the marital residence. Judgment modified, on the facts, by reducing the alimony and support awarded to plaintiff to $600 per week. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Under the circumstances, the award of $800 per week as alimony and child support was excessive to the extent indicated herein. With respect to defendant's counterclaim, Special Term properly dismissed same since defendant failed to meet his burden of proof in his attempt to impress a constructive trust on an undivided one-half interest in the marital residence. Hopkins, J. P., Suozzi, Rabin and Shapiro, JJ., concur.