■ Shirley Weinberg et al., Appellants, v Edward S. Finkelstein et al., Respondents.—In an action, *inter alia,* for a judgment declaring a purported lease null and void and to recover rent arrears based on the alleged fraudulent conduct of defendants, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Kassoff, J.), dated September 15, 1983, as, after a nonjury trial, (1) dismissed plaintiffs' complaint, and (2) awarded defendant Finkelstein the sum of $2,280 on his first and third counterclaims.

Judgment modified, on the law, by deleting the third, fourth and fifth decretal paragraphs thereof and adding thereto provisions conforming the pleadings to the proof adduced at

the trial, declaring the lease valid, and dismissing defendant Finkelstein's first and third counterclaims. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for a hearing and determination with respect to back rent in accordance herewith.

The gravamen of plaintiffs' complaint is that a lease for the subject premises was executed by defendant Finkelstein in breach of his fiduciary duties as a partner with plaintiff Shirley Weinberg and a third party, or alternatively, without authority from plaintiffs as the owners of the building subsequent to the partnership's dissolution. However, the trial court was entitled to credit defendant Finkelstein's testimony, which indicated that the lease was in fact executed with the express consent of his copartners. Thus, the record supports a finding that defendant Finkelstein met his obligation of disclosure (see, *Wendt v Fischer,* 243 NY 439, 443; *Matter of Lester,* 87 Misc 2d 717, 723).

It is undisputed, however, that plaintiffs were entitled to a rental of $350 a month for the period in dispute. Although the complaint did not specifically request such relief, it was requested at trial, and we now hold that plaintiffs should recover back rent in the amount of $350 a month for that period of time. The testimony indicated, however, that defendant Finkelstein tendered checks in the amount of $350 per month, and that plaintiffs did not cash or deposit them. Therefore, it is impossible to make a finding as to the correct amount due to the plaintiffs, and the matter must be remitted for a hearing and determination.

We further find that defendant Finkelstein has failed to meet his burden of proof on his first and third counterclaims, and accordingly dismiss them.

We have reviewed plaintiffs' remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.