■ RAYWOOD ASSOCIATES, LTD., Respondent-Appellant, v YVETTE SEIBEL et al., Appellants-Respondents.—Order, Supreme Court, New York County (Francis Pecora, J.), entered February 9, 1990, which, *inter alia,* denied defendants' motion pursuant to CPLR 3212 for summary judgment and granted their motion pursuant to CPLR 1001 for an order directing the joinder of Craig Raywood as a party plaintiff, unanimously affirmed, without costs.

Summary judgment is precluded by triable issues of fact as to whether some of the services provided by Raywood Associates to the defendants constitute a "home improvement" within the definition of Administrative Code of the City of New York § 20-386 (2). It is apparent that some of the services rendered herein may be either home improvement or decorative. Plaintiff's failure to obtain a home improvement license precludes recovery for permanent improvements to the physical plant *(Primo Constr. v Stahl,* 161 AD2d 516). No license is required for merely decorative additions such as painting, installation of appliances, and the arrangement of furniture and decorative objects.

Craig Raywood, individually, was properly joined as a party, since the corporation was not yet formed on the date that the parties entered into that contract. Concur—Milonas, J. P., Ross, Kassal, Smith and Rubin, JJ.