OPINION OF THE COURT
Per Curiam.
Order entered July 10, 2002 affirmed, with $10 costs.
*23 The plaintiff, an unlicensed subcontractor, installed four heating and air-conditioning units in the subject apartment pursuant to a written contract and seeks to recover the contract price from the subcontractor and homeowner. The defendant homeowner (Wassong) sought summary judgment dismissal upon the ground that the unlicensed plaintiff performed a covered home improvement requiring a license.
The motion court correctly concluded that plaintiff s installation of the room air-conditioners in defendant Wassong’s apartment did not, in itself, constitute a “home improvement” within the definition of Administrative Code of the City of New York § 20-386 (2). Although the City Council specifically included the installation of “central heating or air conditioning systems” in the list of items qualifying as a home improvement, it conspicuously omitted any mention of individual air-conditioners from that list (see Administrative Code § 20-386 [2]). Thus, applying the interpretive canon of expressio unius est exclusio alterius, an “irrefutable inference” must be drawn that the City Council intended to exclude the installation of room air-conditioners as a home improvement (see generally, McKinney’s Cons Laws of NY, Book 1, Statutes § 240; New York City Council v City of New York, 4 AD3d 85 [2004]).
Nor is the drastic remedy of summary judgment otherwise warranted on this thin, prediscovery record, which raises mixed questions of law and fact concerning the type and extent of the ancillary work undertaken by plaintiff and whether such ancillary work qualifies as a home improvement (see Raywood Assoc. v Seibel, 172 AD2d 154 [1991]). Defendant Wassong’s sparse submission on the licensing issue in her moving papers below— addressing via an attorney’s affirmation only the conceded fact that plaintiff lacked a home improvement license — was clearly insufficient to meet her initial burden to prove entitlement to judgment as a matter of law (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). The affidavit submitted by defendant Wassong with her reply papers is not properly considered, “since it sought to remedy these basic deficiencies in [her] prima facie showing rather than respond to arguments in plaintiffs opposition papers” (Migdol v City of New York, 291 AD2d 201 [2002]).
In any event, even assuming the accuracy of defendant Was-song’s statements in her reply affidavit concerning the additional work performed by plaintiff, we cannot abide the conclusion that the additional work was sufficient to bring this *24 contract within the scope of a covered home improvement as a matter of law. Coggeshall Painting & Restoration Co. v Zetlin (NYLJ, May 25, 1999, at 26, col 1 [App Term, 1st Dept], affd 282 AD2d 364 [1st Dept 2001]) is instructive. The plaintiff therein had performed painting and carpentry work for the defendant homeowner, who withheld payment upon the ground that the plaintiff was unlicensed as a home improvement contractor. Painting is generally excluded as a home improvement and the factual issue was whether the carpentry and tile work, which amounted to in excess of $12,000, brought it within the coverage of the home improvement ordinance. The Appellate Division, affirming this court, gave “due deference” to the trier of fact in determining that the additional work was merely incidental to the painting and that the licensing requirements were not triggered. Similarly, it is a question of fact here whether the incidental work necessary to install the individual heating and air-conditioner units constituted a covered home improvement.
As the Court of Appeals stated in interpreting Labor Law § 240 (1), “we are concerned that allowing every change in a structure to qualify as an alteration gives the statute too broad a reach” (Joblon v Solow, 91 NY2d 457, 464 [1998]). We are similarly concerned that every change, particularly when necessary to install an addition that is not covered, should be considered a covered home improvement.
The dissent misstates the majority position. The installation of a noncentral air-conditioner is not covered by the ordinance. The issue is whether the incidental and necessary work to complete such an installation constitutes a home improvement. The majority position is that it is a triable issue precluding summary judgment and the dissenter’s position is that it is a legal issue mandating summary judgment.
With respect to the defendant subcontractor (Techne & Associates), summary judgment dismissal is similarly unwarranted, since there exist triable issues of fact concerning the nature of the contractual dealings, if any, between the subcontractor and plaintiff.