OPINION OF THE COURT
Paul G. Feinman, J.
*384 The motion and cross motion have been consolidated for purpose of this decision. The plaintiff initially moved to remove this action to Suffolk County to join another action then pending in that venue. However, that Suffolk County action has since been discontinued, rendering the instant removal motion academic. For the reasons which follow, the defendant’s cross motion for summary judgment and dismissal of the complaint is denied.
This is an action for breach of a sales and installation contract. The verified complaint alleges that in August 2001, plaintiff entered into a contract with defendant[1] in which plaintiff was to supply, deliver and install stereo and video equipment in defendant’s New York City apartment and in his home in Suffolk County, Long Island; that plaintiff supplied, delivered and installed the equipment; that defendant made various requests and changes to the equipment based on upgrades in technology; and that at defendant’s request, plaintiff removed the equipment initially installed in each of the homes and relocated it to the other home, and installed further new equipment in both homes (notice of motion, exhibit A, verified complaint, passim). Defendant made periodic payments totaling $75,000, but failed to pay the remaining contracted balance due of $42,949.86. Plaintiff claims breach of contract, unjust enrichment, and quantum meruit, as well as lost profit due to inability to complete the contract in the amount of $21,534.
Defendant cross-moves for summary judgment dismissal of the complaint. He alleges that the system installed by plaintiff did not work. He includes a copy of his July 21, 2003 letter to plaintiff stating that the “Crestón system” stopped functioning properly “several weeks ago,” that this was the second time the system had “broken down,” and that defendant could not use the control screen and was forced to control all the components individually (notice of cross motion, exhibit B). The letter further states that because plaintiff’s business was located in Brooklyn, at a considerable distance from his Long Island home, and plaintiff was unable to service the system “expeditiously” and charged for travel time when making repairs, defendant concluded that he no longer wanted the Crestón components in *385 his home and suggested that the “value of these items plus the associated labor and programming costs for this non-functional system are equivalent to the balance you say I owe for the work on our North Haven house.” Alternatively, defendant agreed to pay $20,000 if the problems were corrected, “which is more than Mr. Fishkin said I would owe when this phase of the work was begun,” although he noted that the parties had not resolved the final cost of the project.
Defendant moves for summary judgment based on the provision of the Administrative Code of the City of New York requiring a person or firm undertaking to perform home improvement be licensed as a home improvement contractor (Administrative Code §§ 20-387, 20-386), and on the equivalent provisions in the Southampton Town Code and the Laws of Suffolk County (Southampton Town Code, ch 143, art 1; Laws of Suffolk County § 345-16). Although none of these city or town codes explicitly include the installation of stereo or video equipment under their definitions of home improvements, defendant notes that the Administrative Code’s definition includes “installation of central heating or air conditioning systems, central vacuum cleaning systems, ... or communication systems” (Administrative Code § 20-386 [2]), while Suffolk County defines “home improvement” to include alarm systems (Laws of Suffolk County § 345-16), and Southampton Town Code § 143-1 states that it includes “installation of home improvement goods or the furnishing of home improvement services” as well as “any other goods which, at the time of sale or subsequently, are to be so affixed to real property by the home improvement contractor as to become part of real property, whether or not severable therefrom.”
Defendant argues that the plaintiff’s work included wiring and installation of the equipment which became affixed to the real property.[2] He also contends that plaintiff installed “stereo, video and communications equipment,” pointing to the clause in the proposal indicating that the work included “[w]iring to interface to Jandy, HVAC, alarm and lighting controls” (cross motion, Walsh affidavit, 1H1 3, 5 [emphasis added]; see cross mo *386 tion, exhibit A, Aug. 29, 2001 proposal at 8 [C]). Finally, defendant includes diagrams downloaded from the “Crestón” Web site showing “sample” lighting, HVAC and audio/visual systems diagrams for a residence, and suggests that this demonstrates that “extensive and permanent wiring are required for the installation.” (Cross motion, Walsh affidavit, 1112.)
A motion for summary judgment is a drastic measure to be used sparingly (Wanger v Zeh, 45 Misc 2d 93 [Sup Ct, Albany County 1965], affd 26 AD2d 729 [3d Dept 1966]). To prevail on a summary judgment motion, the moving party must produce evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor (GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967 [1985]). Once this burden is met, the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial (Kosson v “Algaze,” 84 NY2d 1019 [1995]).
It is well settled that an unlicensed contractor may not recover upon a contract or in quantum meruit where a municipality requires home improvement contractors to be licensed (Richards Conditioning Corp. v Oleet, 21 NY2d 895 [1968]). The rule is strictly enforced even when the work was satisfactorily performed or where the homeowner, knowing the contractor was unlicensed, had no intention of paying (Millington v Rapoport, 98 AD2d 765 [2d Dept 1983]). Defendant has not, however, established that plaintiff should have had a home improvement license in order to do the work at issue in this case. He does not point to any statutory language or reported decision defining the installation of stereo or video equipment as a home improvement.
Here, plaintiffs president concedes that his company, in business for more than 32 years, is not and has never been licensed as a home improvement contractor (Fishkin affidavit in opposition 1i 5). He argues that the installation of stereo and video equipment does not fall under any of the relevant definitions of home improvement and that plaintiff does not therefore need a license in order to lawfully conduct business. Plaintiff further argues that even though installation of “communications equipment” is a type of home improvement in the Administrative Code, and installation of alarm systems are home improvements under the Laws of Suffolk County, it did not install communications or alarm equipment and they are not the same as or equivalent to stereo and video systems. Furthermore, plaintiffs pres *387 ident asserts that his company did not buy, sell or install any communications equipment, and that the only wire plaintiff installed was “speaker wire and component touchpad wire,” although plaintiff supplied the wire which was installed by defendant’s electricians (Fishkin affidavit in opposition U1I 9, 11). He further states that the proposal’s references to the HVAC, alarm, and other wiring interfacings concerned work that “was done, if at all, by defendant’s electricians.” (Fishkin affidavit in opposition 1i 11.) He affirms that plaintiff did not connect the stereo and video equipment to the HVAC system, the alarm system, the telephone system or the lighting system (Fishkin affidavit in opposition 1112).
The court has not found any case law to support defendant’s position concerning the need for a license by plaintiff,[3] and is unwilling to analogize a video and stereo installation, even one as sophisticated as the one at issue appears to be, to a communications system or an alarm system. Moreover, defendant has not sufficiently established that the system installed by plaintiff included a communications component. For that reason alone, summary judgment would be inappropriate, as plaintiffs affidavit asserts that it did not install a communications system. In addition, plaintiff argues that the equipment and labor and services were supplied and performed by plaintiff to defendant’s Long Island home in the first eight months of 2001, when defendant’s home was still under construction. It provides a copy of the certificate of occupancy for defendant’s home, dated only December 27, 2001, and points out that the relevant codes state that by definition, home improvement does not include new construction (Administrative Code § 20-386 [2]; Laws of Suffolk County § 345-16; Southampton Town Code § 143-1 [B]). Accordingly, defendant is not entitled to a judgment as a matter of law, and his motion is denied.
It is ordered that the plaintiffs motion to remove this action to Suffolk County is denied as academic; and it is further ordered that the cross motion for summary judgment and dismissal of the complaint is denied.

. Neither party submits a copy of a signed agreement. Plaintiff submits an August 29, 2001 10-page proposal outlining the “house-wide Crestón system for the Hamptons residence” (Fishkin affidavit in opposition, exhibit A). Defendant includes as his exhibit A to his cross motion an earlier version of the proposal from June 19, 2001.

. Defendant’s motion is not supported by an affidavit from someone with actual knowledge of the facts, as required by CPLR 3212 (b) (Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27 [1st Dept 1979], affd 49 NY2d 924 [1980]). However, defendant included a verified answer, and a “ ‘verified pleading’ may be utilized as an affidavit whenever the latter is required” (CPLR 105 [u]; Salch v Paratore, 60 NY2d 851 [1983]).

. Plaintiffs counsel includes a copy of correspondence, not in admissible form, between him and the New York City Department of Consumer Affairs in which the question was asked whether a store that sells and installs stereo and video equipment in New York City needs a home improvement license, the answer of which was “No you do not need a home improvement license.” (Plaintiffs second supplemental affidavit in opposition, exhibit A-B.)