JAMES DICKSON, Appellant, v ALAN BONISTALL et al., Defendants, and PATRICK DEFONCE et al., Respondents. [798 NYS2d 113]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 22, 2004, as denied his motion for summary judgment dismissing the counterclaims asserted by the defendants Patrick DeFonce and DeFonce Contracting, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendants Patrick DeFonce and DeFonce Contracting, Inc. (hereinafter collectively the defendants), entered into an agreement in November 2001 providing that the plaintiff would pay the defendants "a fee equal to (15%) of all sums due to all subcontractors for the supervision of the construction project" of the plaintiff's residence. The plaintiff commenced this action, alleging in its complaint, inter alia, that the defendants materially breached their agreement by failing to perform labor and for billing the plaintiff for labor that was never performed. The defendants asserted counterclaims in which they alleged that the plaintiff failed to pay them a 15% fee of all sums due to all subcontractors for supervision that the defendants provided. The plaintiff moved for summary judgment dismissing the counterclaims on the ground that the defendants were engaged in a home construction improvement business without being licensed. In opposition, the defendants conceded that Patrick DeFonce was not a licensed home improvement contractor but contended that a license was unnecessary because they acted solely as a supervisor under the contract. The Supreme Court, inter alia, denied the motion.

The Administrative Code of the County of Westchester (hereinafter the Administrative Code) states, "No person shall maintain, conduct, advertise, operate or engage in a home improvement business within the County of Westchester or hold himself or herself out as being able to do so, unless such person is licensed pursuant to this article" (Administrative Code of County of Westchester § 863.313). A contractor's failure to ad-

here to this requirement precludes the contractor from collecting fees from a consumer and enables a consumer to move for dismissal of an action commenced by the contractor against the consumer (*see* CPLR 3015 [e]; *Westchester Stone, Sand & Gravel v Marcella*, 262 AD2d 403, 404 [1999]; *Cappadona v Salman*, 228 AD2d 632, 633 [1996]). The plaintiff failed to make a prima facie showing that the defendants were engaged in a home improvement business as defined in Administrative Code § 863.313, which required them to obtain a license. Accordingly the Supreme Court correctly denied the plaintiff's motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Santucci, J.P., Luciano, Crane and Skelos, JJ., concur.