■ INTREPID ELECTRICAL CONTRACTING Co., INC., Respondent, v THEODORE SERURE, Appellant. [824 NYS2d 351]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated October 28, 2005, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Licensing statutes are to be strictly construed, and an unlicensed home improvement contractor cannot recover for services rendered either on the contract or in quantum meruit (*see* Administrative Code of City of NY § 20-387; *B & F Bldg. Corp. v Liebig*, 76 NY2d 689, 691-692 [1990]; *Brite-N-Up, Inc. v Reno*, 7 AD3d 656 [2004]; *Callos, Inc. v Julianelli*, 300 AD2d 612 [2002]; *Todisco v Econopouly*, 155 AD2d 441 [1989]; *Bujas v Katz*, 133 AD2d 730 [1987]; *Millington v Rapoport*, 98 AD2d 765 [1983]). Pursuant to Administrative Code of the City of New York § 20-397 (2), however, a duly licensed electrician does not need to obtain a separate home improvement contractor's license if he or she performs work which is within the scope of his or her license. In opposition to the defendant's prima facie showing of its entitlement to judgment as a matter of law, the plaintiff submitted evidence sufficient to raise a triable issue of fact as to whether all of the work performed constituted "home improvement" and to what extent the work performed was electrical and/or ancillary to electrical work performed by the plaintiff (*Raywood Assoc. v Seibel*, 172 AD2d 154 [1991]; *see Power Cooling, Inc. v Wassong*, 5 Misc 3d 22, 23 [2004]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.