OPINION OF THE COURT
Memorandum.
Order reversed without costs and defendant’s motion for summary judgment denied.
In this breach of contract action, plaintiff seeks to recover the contract price for the fabrication and installation of custom glass shower doors over an existing bathtub in defendant’s home. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff could not recover upon the contract since it was not licensed to perform home improvement work {see CPLR 3015 [e]). Although plaintiff, in opposing the motion, admitted that it was unlicensed, it argued that the type of work provided for in the agreement was merely cosmetic and, thus, did not qualify as a home improvement for which a license was required. We agree and conclude, as a matter of law, that the work performed here does not fall within the meaning of a home improvement.*
Administrative Code of the City of New York § 20-387 (a) provides that “[n]o person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor or salesperson from an owner without a license therefor.” As relevant here, a home improvement is defined as
“the construction, repair, replacement, remodeling, alteration, conversion, rehabilitation, renovation, modernization, improvement, or addition to any land or building . . . and shall include but not be limited to the construction, erection, replacement, or improvement of driveways, swimming pools, terraces, patios, landscaping, fences, porches, garages, fallout shelters, basements, and other improvements to structures . . . ‘Home improvement’ shall not include . . . (iv) painting or decorating of a building, residence, home or apartment, when not incidental or related to home improvement work as *32 herein defined. Without regard to the extent of affixation, ‘home improvement’ shall also include the installation of central heating or air conditioning systems, central vacuum cleaning systems, storm windows, awnings or communication, systems” (Administrative Code § 20-386 [2]).
Although this provision does not include the installation of shower doors over an existing bathtub, i.e., a glass tub enclosure, as a home improvement, it does refer to other alterations which contemplate major structural improvements, such as “driveways, swimming pools, terraces, patios, landscaping, fences, porches, garages, fallout shelters [and] basements” (id.). Here, in contrast, the installation of shower doors to an existing bathtub was merely cosmetic, akin to installation of linoleum, carpeting or Venetian blinds, all of which are deemed not to be home improvements by the Department of Consumer Affairs which licenses home improvement contractors. To construe Administrative Code § 20-386 (2) broadly to include the installation of shower doors over an existing bathtub could potentially allow every change to a home to qualify as a “home improvement,” thereby rendering the provision’s specifically enumerated activities meaningless (cf. Joblon v Solow, 91 NY2d 457, 464-465 [1998] [to allow every change in a structure to qualify as an alteration under Labor Law § 240 (1) would “give( ) the statute too broad a reach”]). Thus, we conclude that the installation of shower doors to an existing bathtub does not qualify as a home improvement for which a license is required (see Power Cooling, Inc. v Wassong, 5 Misc 3d 22 [App Term, 1st Dept 2004] [installation of four heating and air-conditioning units did not qualify as a home improvement]; Innovative Audio Video v Friedman, 7 Misc 3d 383 [Sup Ct, NY County 2005] [installation of sophisticated stereo and video equipment was not akin to a “communication system” and, thus, did not qualify as a home improvement]). Accordingly, the order granting defendant’s motion for summary judgment is reversed and the motion denied.

 The question of whether the installation of shower doors qualifies as a home improvement involves the interpretation of an ordinance and, thus, presents a question of law to be resolved by the court (see Robbins v County of Broome, 87 NY2d 831, 834 [1995]).