■ RACWELL CONSTRUCTION, LLC, Appellant-Respondent, v FRANK MANFREDI et al., Respondents-Appellants. [878 NYS2d 369]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), dated January 3, 2008, as, after a nonjury trial, and upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, dismissed the complaint, and the defendants cross-appeal from so much of the same judgment as dismissed their counterclaims.

Ordered that the judgment is affirmed, without costs or disbursements.

The parties entered into a series of four contracts pursuant to which the plaintiff performed substantial home repair and renovation on residential property owned by the defendants. The defendants paid the plaintiff more than $309,000 before terminating the plaintiff's involvement in the project prior to its completion, due largely to dissatisfaction with the pace of the work. The plaintiff commenced this action seeking to recover an additional $146,270 for the work performed. The defendants counterclaimed for alleged overcharges and moneys allegedly expended to correct the plaintiff's deficient work.

Administrative Code of the County of Westchester, article XVI, § 863.311 *et seq.* (hereinafter the Code), provides that "[n]o person shall maintain, conduct . . . operate or engage in a home improvement business within the County of Westchester . . . unless such person is licensed pursuant to this article" (Code § 863.313; hereinafter the Licensing Law). "A contractor's failure to adhere to this requirement precludes the contractor from

collecting fees from a consumer and enables a consumer to move for dismissal of an action commenced by the contractor against the consumer" (*J.G. Cerasuolo Constr., Inc. v Tyler,* 35 AD3d 376, 377 [2006]; *see Dickson v Bonistall,* 19 AD3d 640, 640-641 [2005]). It is undisputed that the plaintiff was unlicensed at the time the work was performed.

Contrary to the plaintiff's argument, the work at issue here is subject to the requirements of the licensing law. "[H]ome improvement business means the business of providing, for a profit, a home improvement to an owner" (Code § 863.312 [3]). An "owner" for these purposes is "a homeowner, tenant, or any other residential dweller who orders, contracts for or purchases a home improvement" (Code § 863.312 [7]). Although the defendants neither owned nor lived in the premises at the time the contracts were executed, they took title to the premises and made the initial payment pursuant to the contract prior to the commencement of the work. In addition, the Supreme Court found that the defendants intended at all times to reside in the premises. These findings establish that the defendants were "owners" within the meaning of the licensing law. "As this case was tried without a jury, this Court's authority is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*State Farm Mut. Auto. Ins. Co. v Stack,* 55 AD3d 594, 595 [2008], citing *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). As the Supreme Court's findings and determinations concerning liability were warranted by the facts, they will not be disturbed (*see Stojowski v D'Sa,* 28 AD3d 645 [2006]; *Manzo v Gross,* 19 AD3d 379 [2005]; *Chambers v McIntyre,* 5 AD3d 344 [2004]).

The use, on the building permit application, of the home improvement license number issued to Racwell Construction, Inc., another company also owned by the plaintiff's owner Frank Racanelli does not entitle the plaintiff to recover. All of the contracts upon which the plaintiff relied here were in the name of the plaintiff. As an unlicensed contractor, the plaintiff cannot recover (*see Hakimi v Cantwell Landscaping & Design, Inc.,* 50 AD3d 848 [2008]; *Al-Sullami v Broskie,* 40 AD3d 1021, 1022 [2007]). "The fact that the homeowner was aware of the absence of a license or even that the homeowner planned to take advantage of its absence creates no exception to the statutory requirement" (*Millington v Rapoport,* 98 AD2d 765, 766 [1983]; *see Fisher Mech. Corp. v Gateway Demolition Corp.,* 247 AD2d 579, 581 [1998]; *Hughes & Hughes Contr. Corp. v Coughlan,*

202 AD2d 476, 477 [1994]). Since the homeowner's conduct is thus irrelevant, the plaintiff cannot overcome its failure to obtain a license by relying on the alleged misuse of the license number issued to Racwell Construction, Inc.

A cause of action to recover on an account stated "sound[s] in breach of contract" (*Zendler Constr. Co., Inc. v First Adj. Group, Inc.,* 59 AD3d 439, 441 [2009]) and arises from "some indebtedness between the parties" (*Simplex Grinnell v Ultimate Realty, LLC,* 38 AD3d 600, 600 [2007]; *Rodkinson v Haecker,* 248 NY 480, 485 [1928]). Here, however, those contracts are illegal for failure to comply with the licensing law (*see B & F Bldg. Corp. v Liebig,* 76 NY2d 689 [1990]) and thus the plaintiff has "forfeit[ed] the right to recover damages" for their breach (*Callos, Inc. v Julianelli,* 300 AD2d 612, 613 [2002]; *see Price v Close,* 302 AD2d 374, 375 [2003]; *Matter of Scaturro v M.C.S. Landscape,* 212 AD2d 798, 799 [1995]). "A claim which is void by reason of its illegality will not support an account stated" (*White v Turner-Hudnut Co.,* 322 Ill 133, 139, 152 NE 572, 574 [1926]; *see Finley Method Co. v Standard Asphalt Co. of Fla.,* 104 Fla 126, 139 So 795 [1932]; *Jacobson v Barnes,* 176 Minn 4, 222 NW 341 [1928]; *Dunbar v Johnson,* 108 Mass 519 [1871]).

The Supreme Court also properly dismissed the counterclaims based upon its conclusion that the testimony of both experts was of no probative value. "The opinion testimony of an expert must be based on facts in the record or personally known to the witness . . . An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion" (*Quinn v Artcraft Constr.,* 203 AD2d 444, 445 [1994], citing *Cassano v Hagstrom,* 5 NY2d 643, 646 [1959]; *see Shi Pei Fang v Heng Sang Realty Corp.,* 38 AD3d 520, 521 [2007]; *Cappolla v City of New York,* 302 AD2d 547, 549 [2003]). Here, the record is clear that the contractor who took over after the plaintiff's involvement was terminated lacked the "requisite skill, training, education, knowledge, or experience to render a reliable opinion" on the quality of the home repair done at the premises (*de Hernandez v Lutheran Med. Ctr.,* 46 AD3d 517, 518 [2007]; *see Matott v Ward,* 48 NY2d 455, 459 [1979]; *Miele v American Tobacco Co.,* 2 AD3d 799, 802 [2003]; *Pignataro v Galarzia,* 303 AD2d 667, 668 [2003]; *Karasik v Bird,* 98 AD2d 359, 362 [1984]). Additionally, since it could not be determined whether certain damages were caused by the plaintiff or existed before the plaintiff started working, or whether seemingly defective work was, in fact, work that the plaintiff could not complete because its involvement in the project was terminated by the defendants, any conclusions as to

damages caused by defective workmanship could only be based on assumption and speculation, not on facts in the record or on facts personally known by the witness (*see Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d at 521; *Cappolla v City of New York,* 302 AD2d at 549; *Quinn v Artcraft Constr.,* 203 AD2d at 445).

Similarly, because the construction valuation expert did not see the premises before the plaintiff commenced work on it, he could only speculate as to what had been demolished and how much labor had been involved. Thus, his conclusions, too, were not based on facts in the record or personally known to him (*see Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d at 521; *Cappolla v City of New York,* 302 AD2d at 549; *Quinn v Artcraft Constr.,* 203 AD2d at 445), and the court providently exercised its discretion in disregarding his testimony and report regarding the plaintiff's alleged overcharges. Without the evidence provided by the experts, the defendants failed to meet their burden of proof on their counterclaims (*see Feldin v Doty,* 45 AD3d 1225, 1226 [2007]; *Weinberg v Finkelstein,* 112 AD2d 218, 219 [1985]; *De Vries v De Vries,* 66 AD2d 832 [1978]). Spolzino, J.P., Florio, Covello and Eng, JJ., concur.