■ PETER O'MALLEY, Respondent, v PHIL CAMPIONE, Appellant. [896 NYS2d 49]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 10, 2008, after a nonjury trial, which awarded plaintiff damages and directed the entry of a judgment against defendant in the principal amount of $52,900, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment dismissing the complaint.

The evidence at trial established that plaintiff paid defendant $52,900 to remodel his apartment and that certain of the work defendant performed was defective. The proper measure of damages for the defective work is the cost to remedy the defect (*Bellizzi v Huntley Estates*, 3 NY2d 112 [1957]). While plaintiff's wife's testimony established that two contractors had been retained to perform certain repairs and that repair estimates had been obtained from two other contractors, plaintiff presented no evidence indicating the cost of the repairs or the amounts of the estimates. Since plaintiff thus failed to meet his burden of proving the extent to which he was harmed, he may not recover damages for the harm (*Berley Indus. v City of New York*, 45 NY2d 683, 686 [1978]).

We note that, contrary to defendant's argument, advanced for the first time in his appellate reply brief, while the fact that he did not have a home improvement license at the time that the work was performed (*see* Administrative Code of City of NY § 20-387) bars him from enforcing the contract (*see Sutton v Ohrbach*, 198 AD2d 144 [1993]), as the trial court found, it is not a bar to plaintiff's recovery of restitution for payments made (*see e.g. Brite-N-Up, Inc. v Reno*, 7 AD3d 656 [2004]; *Goldstein v Gerbano*, 158 AD2d 671 [1990]). Concur—Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ.