■ PENNA, INC., Doing Business as DEAN PENNA CORP., Appellant-Respondent, v LENORE RUBEN et al., Respondents-Appellants. [898 NYS2d 143]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about September 25, 2009, which granted defendants' motion to dismiss the complaint to the extent of dismissing it as against defendant Lenore Ruben and denied it as to the remaining defendants, unanimously modified, on the law, the motion denied as to Ruben, and the complaint reinstated as against her, and otherwise affirmed, without costs.

Although the allegations in the complaint constitute a formal

judicial admission that plaintiff engaged in construction and carpentry services for defendant Ruben, a homeowner (see *Bogoni v Friedlander*, 197 AD2d 281, 291-292 [1994], *lv denied* 84 NY2d 803 [1994]), the complaint nevertheless states a cause of action against Ruben, because it cannot be determined on the present record whether or not the construction and carpentry work were incidental or related to the painting that plaintiff performed (see *Coggeshall Painting & Restoration Co. v Zetlin*, 282 AD2d 364 [2001]), which was "not incidental or related to home improvement work" (Administrative Code of City of NY § 20-386 [2]) and for which plaintiff need not be a licensed home improvement contractor to recover (see *Raywood Assoc. v Seibel*, 172 AD2d 154 [1991]).

To the extent plaintiff has stated a valid cause of action against Ruben for foreclosure of its mechanic's lien, the remaining defendants were properly named as necessary parties (see Lien Law § 44 [1]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.