MARIO VELARDO et al., Appellants, v LUDWIG TOMESCU et al., Respondents. [936 NYS2d 695]—

Westchester County Administrative Code § 863.313 provides that "[n]o person shall maintain, conduct . . . operate or engage

in a home improvement business within the County of Westchester . . . unless such person is licensed pursuant to this article" (*see Racwell Constr., LLC v Manfredi*, 61 AD3d 731, 732 [2009]). " 'A contractor's failure to adhere to this requirement precludes the contractor from collecting fees from a consumer and enables a consumer to move for dismissal of an action commenced by the contractor against the consumer' " (*Racwell Constr., LLC v Manfredi*, 61 AD3d at 732-733, quoting *J.G. Cerasuolo Constr., Inc. v Tyler*, 35 AD3d 376, 377 [2006]; *see Dickson v Bonistall*, 19 AD3d 640, 640-641 [2005]). Where a home improvement contractor is not properly licensed in the municipality where the work is performed, the contractor cannot recover for the work performed either under the contract or on a quantum meruit basis (*see Hammerman v Jamco Indus.*, 119 AD2d 544, 545 [1986]; *see also Vatco Contr., Ltd. v Kirschenbaum*, 73 AD3d 1163, 1164 [2010]; *Ellis v Gold*, 204 AD2d 261, 262 [1994]).

Here, the evidence tendered by the defendants in support of that branch of their motion which was for summary judgment dismissing the first and second causes of action set forth in the second amended complaint, which sound in breach of contract and quantum meruit, respectively, clearly established that they entered into a home improvement contract with the plaintiff Mario Velardo (hereinafter Mario) only, and that Mario was the only plaintiff who performed work on the subject home improvement project. Moreover, Mario acknowledged that a home improvement license had not been issued to him individually. Accordingly, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the first and second causes of action.

In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to their contention, Mario was not entitled to rely on a home improvement license that had been issued to the plaintiff Antonio Velardo, Inc. (hereinafter the Corporation), notwithstanding the fact that Mario testified at his deposition that he was a shareholder and manager of the Corporation (*see Ellis v Gold*, 204 AD2d at 261-262; *cf. Marraccini v Ryan*, 17 NY3d 83 [2011]; *Racwell Constr., LLC v Manfredi*, 61 AD3d at 733; *George Piersa, Inc. v Rosenthal*, 72 AD2d 593, 594 [1979]). As noted above, the evidence established that Mario was the only plaintiff to contract with the defendants and to perform work on the project. As such, he was required to possess a home improvement license, and his failure to adhere to this licensing requirement precluded him from collecting amounts allegedly owed by the defendants and entitled the defendants to sum-

mary judgment dismissing the first and second causes of action sounding in breach of contract and quantum meruit (*see generally Vatco Contr., Ltd. v Kirschenbaum*, 73 AD3d at 1164; *Racwell Constr., LLC v Manfredi*, 61 AD3d at 732-733; *J.G. Cerasuolo Constr., Inc. v Tyler*, 35 AD3d at 377; *Dickson v Bonistall*, 19 AD3d at 640-641; *Ellis v Gold*, 204 AD2d at 262; *Hammerman v Jamco Indus.*, 119 AD2d at 545).

The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit. Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.