■ JOCELYNE WILDENSTEIN, Respondent, v 5H&CO, INC., et al., Appellants. [950 NYS2d 3]—

Plaintiff hired the corporate defendant, 5H&Co, to perform renovations to her apartment. Pursuant to a contract, defendant was to render its services based on an hourly rate and plaintiff would reimburse it for expenses. Defendants provided an estimate as to how long it would take to complete the project, but the project ran into serious cost and time overruns. Plaintiff claims that defendant Stojanovic represented himself to be an architect and held out 5H&Co, his company, as qualified to perform the home improvement services plaintiff wanted. However, contrary to these representations, plaintiff claims that Stojanovic is neither a licensed architect in New York nor a licensed New York home improvement salesperson. Plaintiff further claims that defendants' work was defective or incomplete and that they left her with "uninhabitable living space."

The complaint sets forth nine causes of action, most of which are duplicative of the seventh cause of action for breach of contract. The first cause of action, against 5H&Co, seeks a declaratory judgment that the contract is void and unenforceable because 5H&Co violated section 20-387 of the Administrative Code of the City of New York that requires a contractor to obtain a home improvement license prior to entering into a home improvement contract or performing home improvement services. The second cause of action, against defendant Stojanovic, seeks a declaratory judgment declaring the contract void for violation of the same provision.

The third cause of action seeks to remove a mechanic's lien 5H&Co filed against the property. However, because defendants have removed the mechanic's lien, the court dismissed the third cause of action and it is not at issue on this appeal.

The fourth cause of action, for fraud, alleges that defendants intentionally misrepresented their qualifications and undervalued the cost and time to complete the renovation work. Attendant to this cause of action, plaintiff seeks punitive damages, attorneys' fees and penalties. Although plaintiff asserted fraud against both defendants, they appeal the denial of their dismissal motion as to this cause of action only to the extent plaintiff has directed it against defendant Stojanovic.

Plaintiff asserts the fifth cause of action, for conversion,

against both defendants, but defendants appeal the denial of their dismissal motion as to this claim only to the extent plaintiff has asserted it against Stojanovic. Plaintiff claims defendants have retained certain items that belong to her in an attempt to extort more money from her.

The sixth cause of action asserts that both defendants were negligent in performing home improvement services by, inter alia, failing to obtain the necessary permits from the Department of Buildings and failing to sequence work properly, resulting in damage to plaintiff's personalty and necessitating additional work.

The seventh cause of action, for breach of contract against 5H&Co, also seeks a declaratory judgment that the contract is void and unenforceable. Defendants have not moved to dismiss this cause of action.

The eighth cause of action asserts professional malpractice against both defendants. The ninth cause of action, alleging trespass, asserts trespass against both defendants for allegedly entering into apartment 51A while plaintiff was on vacation in Spain and demolishing the apartment. The ninth cause of action seeks punitive, as well as compensatory, damages. Defendants moved to dismiss the ninth cause of action as against defendant Stojanovic only. Although there are certain claims that defendants have not moved to dismiss as against 5H&Co, they have requested us to strike every demand for punitive damages.

To support her claim for fraudulent inducement, plaintiff alleges that, to induce her to enter a home improvement contract, Stojanovic misrepresented presently existing facts, including that he was a licensed architect, and that he and 5H&Co were "qualified" and "licensed as architects or as home improvement contractors or salespersons." Even if defendant's misrepresentations were collateral to the contract, defendants correctly argue that plaintiff could not have reasonably relied on Stojanovic's misrepresentation of possession of the requisite licenses, as this circumstance is easy to verify through public records (*see Fariello v Checkmate Holdings, LLC*, 82 AD3d 437, 437-438 [2011]; *Urstadt Biddle Props., Inc. v Excelsior Realty Corp.*, 65 AD3d 1135, 1137 [2009]).

The complaint alleges that Stojanovic also made misrepresentations to the building manager and the condominium board. Generally, however, a plaintiff cannot claim reliance on misrepresentations a defendant made to third parties (*see Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 AD3d 296, 297 [2004], *lv denied* 4 NY3d 707 [2005]). Moreover, underestimating the cost of the job relates to a future intent to

perform that is not actionable as fraud (*see GoSmile, Inc. v Levine*, 81 AD3d 77, 81 [2010], *lv dismissed* 17 NY3d 782 [2011]). Accordingly, the motion court should have dismissed the fourth cause of action against Stojanovic.

Administrative Code of the City of New York § 20-387 (a) forbids the soliciting, canvassing, selling, performance, or obtaining of "a home improvement contract as a contractor or salesperson from an owner without a license therefor." Accordingly, "an unlicensed home improvement contractor cannot recover for services rendered either on the contract or in quantum meruit" (*Intrepid Elec. Contr. Co., Inc. v Serure*, 34 AD3d 430, 431 [2006]; *Matter of Metrobuild Assoc., Inc. v Nahoum*, 51 AD3d 555, 556 [2008], *lv denied* 11 NY3d 704 [2008]). However, this provision of the Administrative Code does not itself provide grounds for plaintiff to recoup fees already paid, because the law renders the contract "rescinded and generally '[t]he parties . . . should be left as they are' " (*see Brite-N-Up, Inc. v Reno*, 7 AD3d 656, 657 [2004] [citation omitted]).

Notwithstanding the above, plaintiff retains the right at common law to seek restitution for payments she previously made for work that defendant failed to perform or for defective work (*see O'Malley v Campione*, 70 AD3d 595 [2010]; *Brite-N-Up*, 7 AD3d at 657). As we stated in *Campione*, the Administrative Code "is not a bar to plaintiff's recovery of restitution for payments made" (*Campione*, 70 AD3d at 595). In this regard, although the causes of action at issue focus on defendants' lack of a license, read broadly, the complaint repeatedly charges defendants with defective and incomplete work, that if true, would justify restitution.

Although plaintiff may be entitled to seek return of the fees she paid for work that was incomplete or defective, that does not mean plaintiff can maintain those causes of action that duplicate the seventh cause of action for breach of contract. For example, the first two causes of action seek declarations that the contract is void and unenforceable. The seventh cause of action for breach of contract seeks, not only compensatory damages, but also a declaration that the contract is void and unenforceable. Accordingly, the first and second causes of action should have been dismissed as duplicative.

The motion court also should have dismissed the cause of action for negligence. The alleged "extra-contractual" services upon which plaintiff bases her negligence claim duplicate the allegations concerning breach of contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987] [citations omitted] ["(i)t is a well-established principle that a simple

breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract"]). Even the alleged damages are identical in both causes of action, seeking "compensatory damages in an amount to be proven at trial, but not less than $1,333,962."

The ninth cause of action for trespass repeats the same allegations that form the basis of plaintiff's claim for breach of contract. And, again, seeks the same damages. Accordingly, the cause of action for trespass is duplicative and the motion court should have dismissed it. However, as defendants have not moved to dismiss this claim as to defendant 5H&Co, we dismiss only as to defendant Stojanovic.

Defendants appeal the denial of the dismissal of the fifth cause of action for conversion only as against defendant Stojanovic. Although it appears from the record that defendants have returned plaintiff's personal property, defendants do not rely on that fact in their briefs. Rather, the only argument defendants make on appeal is that Stojanovic cannot be personally liable for acts that are not independent torts. However, taking plaintiff's personal property "in order to extort from Plaintiff the money [they] claim[ ] she owes them" as the complaint alleges, is an independent tort (*cf. I.C.C. Metals v Municipal Warehouse Co.*, 50 NY2d 657, 663 [1980] [if plaintiff were to be successful in proving conversion, defendant would not be entitled to limitation of liability provision in warehouse receipt]). This is because these allegations set forth a wrong separate and distinct from the breach of contract claim. Accordingly, we cannot dismiss this cause of action.

As the complaint does not allege that defendants committed architectural malpractice or that they engaged in the unauthorized practice of architecture, plaintiff's eighth cause of action for professional malpractice is not viable (*see Chase Scientific Research v NIA Group*, 96 NY2d 20, 29 [2001]).

Finally, plaintiff's demand for punitive damages should have been stricken for failure to plead "a pattern [of conduct] directed at the public generally" (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]). Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ.