■ MITCHELL SCHIMKO, Doing Business as SUPERIOR INTERIOR, Respondent, v DERON J. HALEY et al., Appellants. [996 NYS2d 328]—

In an action to recover on an instrument for the payment of money only, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Jamieson, J.), dated February 4, 2013, which, after a nonjury trial, directed judgment in favor of the plaintiff and against them in the principal sum of $21,106.25, and (2) a judgment of the same court dated March 25, 2013, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $21,106.25.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order dated February 4, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (*Khan v Kaieteur Constr., Inc.*, 120 AD3d 770, 770 [2014]; *see Northern Westchester Professional Park Assoc. v*

*Town of Bedford*, 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]; *Yonkers Contr. Co., Inc. v Romano Enters. of N.Y., Inc.*, 40 AD3d 629, 629 [2007]).

"Where a home improvement contractor is not properly licensed in the municipality where the work is performed at the time the work is performed, the contractor forfeits the right to recover for the work performed both under the contract and on a quantum meruit basis" (*Graciano Corp. v Baronoff*, 106 AD3d 778, 779 [2013]; *see B & F Bldg. Corp. v Liebig*, 76 NY2d 689, 693 [1990]; *CMC Quality Concrete III, LLC v Indriolo*, 95 AD3d 924, 925 [2012]; *Velardo v Tomescu*, 91 AD3d 859, 860 [2012]). Here, contrary to the defendants' contention, the Supreme Court properly determined that the plaintiff's installation of motorized window shades in their condominium did not constitute "home improvement" work within the meaning of Administrative Code of the City of New York § 20-386 (2) (*see Great Am. Restoration Servs., Inc. v Lenti*, 94 AD3d 1053, 1054 [2012]; *Precision Mirror & Glass v Dicostanzo*, 17 Misc 3d 30, 31-32 [App Term, 2d Dept 2007]). Rather, the plaintiff's installation of motorized window shades constituted decorative work, which was not "incidental or related to" the separate home improvement renovations being performed by other contractors at the defendant's condominium (Administrative Code of City of NY § 20-386 [2]; *see Precision Mirror & Glass v Dicostanzo*, 17 Misc 3d at 31-32; *see generally Penna, Inc. v Ruben*, 72 AD3d 523, 523-524 [2010]; *Raywood Assoc. v Seibel*, 172 AD2d 154, 154 [1991]). Accordingly, the plaintiff did not require a home improvement contractor's license under Administrative Code of the City of New York § 20-387 (a) to perform this work.

The Supreme Court's determination that the plaintiff was not in breach of contract when the defendants prevented him from returning to their condominium to complete the installation with certain adjustments is warranted by the facts and will not be disturbed (*see generally Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d at 499; *Kaygreen Realty Co. v IG Second Generation Partners, L.P.*, 68 AD3d 933, 934 [2009]; *cf. LaBarba v Morrell & Co., Wine Emporium*, 272 AD2d 165, 165 [2000]).

Accordingly, judgment was properly entered in favor of the plaintiff and against the defendants in the full amount of the remaining contract balance. Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.