**13TH & 14TH STREET REALTY** LLC, Appellant, v THE BOARD OF MANAGERS OF THE A BUILDING CONDOMINIUM, Respondent. [17 NYS3d 867]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered June 2, 2014, which, among other things, denied plaintiff's motion for summary judgment in lieu of complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In opposition to plaintiff's prima facie showing of its entitlement to judgment as a matter of law, defendant failed to raise a triable issue of fact (*Zyskind v FaceCake Mktg. Tech., Inc.*, 101 AD3d 550, 551 [1st Dept 2012]). We agree with plaintiff's argument that defendant, by making 60 monthly interest payments under a note, even after it was aware of plaintiff's alleged wrongdoing, ratified the note and waived any defenses of fraud, self-dealing or breach of fiduciary duty (*see Scharf v Idaho Farmers Mkt. Inc.*, 115 AD3d 500, 501-502 [1st Dept 2014]; *see also Davis & Davis v Morson*, 286 AD2d 584, 585 [1st Dept 2001]). We may consider plaintiff's argument, which was raised during oral argument on the motion but was excluded from the parties' briefs to the motion court, because it is determinative and because the record on appeal is sufficient to permit appellate review (*Facie Libre Assoc. I, LLC v SecondMarket Holdings, Inc.*, 103 AD3d 565, 565 [1st Dept 2013], *lv denied* 21 NY3d 866 [2013]). Concur—Sweeny, J.P., Renwick, Saxe and Gische, JJ.

In the Matter of FARHAN A., Respondent, v INCI A., Appellant. [17 NYS3d 867]—Order, Family Court, New York County (Carol J. Goldstein, Ref.), entered on or about January 7, 2014, which, upon a fact-finding determination that respondent-appellant (respondent) had committed the family offense of harassment in the second degree, directed her to refrain from any communications with petitioner except through an attorney and to observe certain other conditions for a one-year period, unanimously affirmed, without costs.

Petitioner showed by a fair preponderance of the evidence that respondent, his sister, had committed acts warranting an order of protection in his favor (*see* Family Ct Act § 832).

We have considered respondent's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Saxe and Gische, JJ.