Murphy v CWR Mfg. of Cent. N.Y., LLC (2020 NY Slip Op 06591)





Murphy v CWR Mfg. of Cent. N.Y., LLC


2020 NY Slip Op 06591


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


553 CA 19-00630

[*1]CAROL J. MURPHY, AS SUCCESSOR-IN-INTEREST AND EXECUTRIX FOR THE ESTATE OF JAMES A. MURPHY, DECEASED, PLAINTIFF-RESPONDENT,
v
CWR MANUFACTURING OF CENTRAL NEW YORK, LLC, AND SEAN A. MURPHY, DEFENDANTS-APPELLANTS. 






BOUSQUET HOLSTEIN, PLLC, SYRACUSE (JAMES L. SONNEBORN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BARCLAY DAMON LLP, SYRACUSE (JON P. DEVENDORF OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered April 3, 2019. The amended order, among other things, granted plaintiff's cross motion for summary judgment dismissing the counterclaims. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by denying the cross motion in part and reinstating the 8th through 10th counterclaims, and as modified the amended order is affirmed without costs.
Memorandum: In 2009, Sean A. Murphy (defendant) and his father, James A. Murphy (decedent), formed defendant CWR Manufacturing of Central New York, LLC (CWR). Defendant and decedent each owned 50 percent of CWR and, under an operating agreement executed by defendant and decedent, decedent was the manager of CWR. CWR paid rent for its use of a portion of a building located on property owned by plaintiff, who was decedent's wife and defendant's step-mother. In 2013, decedent died and, pursuant to the terms of the operating agreement, defendant was entitled to purchase decedent's interest in CWR. Plaintiff, as decedent's successor-in-interest, and defendant, however, could not agree on a price. Thus, pursuant to the terms of the operating agreement, plaintiff and defendant agreed to hire an outside accountant to determine the fair and reasonable value of decedent's interest in CWR. Upon receipt of the accountant's valuation of decedent's interest in CWR, defendant attempted to pay that amount to plaintiff, but plaintiff rejected defendant's payments.
Thereafter, plaintiff commenced this action against defendants for, inter alia, breach of contract, unjust enrichment and an accounting. Defendants' second amended answer asserted 10 counterclaims. Defendants now appeal from an amended order that, inter alia, granted plaintiff's cross motion for summary judgment dismissing the counterclaims. We conclude that plaintiff is entitled to summary judgment dismissing the first through seventh counterclaims, but we agree with defendants that Supreme Court erred in granting those parts of plaintiff's cross motion seeking summary judgment dismissing the 8th through 10th counterclaims, and we therefore modify the amended order accordingly.
The court properly granted the cross motion with respect to the first and second counterclaims, which are based on allegations that CWR made an overpayment of rent to plaintiff. Plaintiff submitted evidence that, while there was no formal written rental agreement, a verbal agreement existed before the decedent's death, and that defendant was the building manager and acquiesced to the terms of the verbal agreement. We conclude that the evidence of defendant's ratification of the rent agreement bars defendants' counterclaims for breach of fiduciary duty and "unjust enrichment/restitution" arising out of the rent agreement (see [*2]generally 13th & 14th St. Realty LLC v Board of Mgrs. of the A Bldg. Condominium, 132 AD3d 561, 561 [1st Dept 2015]; Benedict v Whitman Breed Abbott & Morgan, 110 AD3d 935, 937 [2d Dept 2013]), and defendants failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
The court also properly granted the cross motion with respect to the third through seventh counterclaims, which are based on allegations that decedent, inter alia, failed to procure life insurance for himself with CWR as the beneficiary and failed to change an existing life insurance policy so that CWR would be the beneficiary, rather than a former company, AJ Murphy Company, Inc. (AJ Murphy), which had been owned by decedent's father. Plaintiff met her burden on the cross motion by submitting CWR's operating agreement, which provided that CWR may, but was not required to, obtain life insurance for each member of the company with CWR as the beneficiary, and her deposition testimony that AJ Murphy was a separate entity than CWR and that she left it up to the insurance company to determine who was entitled to be paid under that policy (see generally Zuckerman, 49 NY2d at 562). Defendants' submissions in opposition consist of merely speculative allegations and fail to raise a triable issue of fact (see generally WILJEFF, LLC v United Realty Mgt. Corp., 82 AD3d 1616, 1617 [4th Dept 2011]).
We conclude, however, that the court erred in dismissing the 8th through 10th counterclaims. Those counterclaims are based on allegations that in the Spring of 2010 or 2011, oil was dumped into a storm water catch basin located on plaintiff's property at the direction of decedent. The spill was investigated by the Department of Environmental Conservation, which ordered CWR to perform remediation work. In the 8th through 10th counterclaims, defendants sought, inter alia, indemnification or contribution from decedent's estate for the costs of the remediation. Although plaintiff submitted evidence that, after decedent's death, defendant purchased the property from plaintiff and the purchase agreement provided that defendant would receive the property "as is" and "with all faults," such evidence does not overcome counterclaims against decedent's estate because decedent was not a party to that agreement, and because the "as is" clause in a purchase agreement does not preclude counterclaims for indemnification or contribution based on statutory liability for petroleum discharges under the Navigation Law (see Umbra U.S.A., Inc. v Niagara Frontier Transp. Auth., 262 AD2d 980, 981 [4th Dept 1999]). Thus, we conclude that triable issues of fact exist with respect to the 8th through 10th counterclaims that cannot be resolved on the summary judgment motion.
We have considered defendants' remaining contention and conclude it is without merit.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court