Brevet Direct Lending Short Duration Fund, L.P. v Aprio LLP (2024 NY Slip Op 03128)

Brevet Direct Lending Short Duration Fund, L.P. v Aprio LLP

2024 NY Slip Op 03128

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 656441/18, 650651/19 Appeal No. 2462-2463 Case No. 2023-05684, 2023-06450 

[*1]Brevet Direct Lending — Short Duration Fund, L.P., Appellant,
v
Aprio LLP, Formerly Known as Habif, Arogeti & Wynne, LLP, Respondent.
BHSC Global, LLC, et al., Appellants,
v
Aprio LLP, Formerly Known as Habif, Arogeti & Wynne, LLP, Respondent.

Akeman LLP, New York (David Bayne of counsel), and Akerman LLP, Chicago, IL (Ryan C. Williams of the bar of the State of Illinois, admitted pro hac vice, of counsel), for Brevet Direct Lending — Short Durations Fund, L.P., appellant.
Franzino & Scher, LLP, New York (Frank J. Franzino Jr. of counsel), for BHSC Global, LLC, BHSC Global Holdings, LLC, Royal Sem, LLC, Richard Thurman and Daniel Horwits, appellants.
Hinshaw & Culbertson LLP, New York (Matthew C. Ferlazzo of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on November 2, 2023, in index No. 656441/18, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing Brevet Direct Lending-Short Duration, L.P.'s claims, unanimously affirmed, without costs. Order, same court and Justice, entered on December 1, 2023, in index No. 650651/19, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing BHSC Global, LLC, BHSC Global Holdings, LLC, and Royal SEM, LLC's claims, unanimously affirmed, without costs.
Contrary to plaintiffs' contention, gross negligence does not always present a question of fact precluding summary judgment (see e.g. Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824 [1993]; David Gutter Furs v Jewelers Protection Servs., 79 NY2d 1027, 1029 [1992]).
Both complaints allege that defendant breached its duty under the American Institute of Certified Public Accountants' Statement on Standards for Consulting Services. This constitutes a formal judicial admission (see e.g. Penna, Inc. v Ruben, 72 AD3d 523, 523-524 [1st Dept 2010]). Thus, plaintiffs' contention that there are issues of fact as to whether defendant's confirmation of the accounts receivable should be governed by audit/attestation standards, is unavailing.
"Gross negligence, when invoked to pierce an agreed-upon limitation of liability in a commercial contract, must smack of intentional wrongdoing or evince a reckless indifference to the rights of others" (Matter of Part 60 Put-Back Litig., 36 NY3d 342, 352 [2020] [brackets and internal quotation marks omitted]). Defendant's failure to check if the addresses from which emails, which did not bounce back and which appeared to come from legitimate addresses, were sent were the actual addresses of their purported senders, does not meet this standard. Defendant's conduct "does not evince the recklessness necessary to abrogate" a contractual limitation of liability (Colnaghi, 81 NY2d at 824).
In index no. 656441/18, Brevet's argument that it is entitled to statutory interest and/or lost profits is unpreserved. Unlike the situation in 13th & 14th St. Realty LLC v Board of Mgrs. of the A Bldg. Condominium (132 AD3d 561 [1st Dept 2015]), this issue is not determinative — the court did not grant defendant's motion on this basis.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024