■ GEORGE PIERSA, INC., Respondent, v IRVING ROSENTHAL et al., Appellants.—In an action, *inter alia,* to foreclose a mechanic's lien, defendants appeal from an order of the Supreme Court, Nassau County, dated March 20, 1979, which denied their motion, *inter alia,* for summary judgment dismissing the complaint. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed. Defendants contracted with the plaintiff to have it provide labor and materials for certain repairs to their home in Nassau County. Plaintiff alleges that the work had been substantially completed when defendants repudiated the agreement, informing it that the work was defective and that no further payments would be made. The plaintiff was not licensed to conduct a home improvement business in Nassau County during the relevant period (see Local Laws, 1970, No. 6 of County of Nassau). However, it does appear that the president of the plaintiff corporation was so licensed. In our opinion, Special Term erred in denying defendants' motion to dismiss the complaint. As the plaintiff is not licensed, it may not recover in either contract or *quantum meruit (Segrete v Zimmerman,* 67 AD2d 999; see, also, *Richards Condition-*

*ing Corp. v Oleet,* 21 NY2d 895). Moreover, the mere fact that plaintiff's president holds a valid license should not alter this result (cf. *Bronold v Engler,* 194 NY 323). While the transfer of licenses in such circumstances is authorized by the Nassau County Local Law (see § 21-11.5), it is specifically provided that "The application for such transfer * * * must be accompanied by proof satisfactory to the commissioner that the requirements herein provided have been complied with" and that "No assignment or transfer shall become effective unless and until the endorsement of the transfer or assignment has been made on the face of the license". Manifestly, no such transfer has been attempted herein. As the purpose of the licensing law is remedial to the extent that it was designed to protect homeowners "against abuses on the part of itinerant home improvement contractors by regulating the home improvement * * * business" (§ 21-11.0), we believe that strict compliance with its terms should be required. Lazer, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.