OPINION OF THE COURT
Ira J. Raab, J.
*470 An unlicensed home improvement contractor may not sue homeowners on "stopped” checks given to the contractor by the homeowner in payment of home improvement services, even though the homeowner knew the contractor was unlicensed. This is apparently a matter of first impression.
This is a small claims action to recover payment on stopped checks for home improvement work. Defendants counterclaim for damages for breach of contract based on claimed defective workmanship.
Defendants homeowners hired plaintiff to perform work on defendants’ bathroom, to include tile and grouting work, installation of formica, and installation of electrical fixtures and an electrical box. The plaintiff is concededly unlicensed as a home improvement contractor. Both parties reside in North Woodmere, Nassau County.
The plaintiff claims that the defendants knew that the plaintiff was unlicensed; that plaintiff was never asked for the production of a license, nor for a written contract; and that the defendants did not complain about the plaintiffs work. The plaintiffs electrical helper had no electrician’s license.
For his services, the plaintiff received 16 checks. Ten checks, payable to "cash,” totaling $1,240, cleared. Five checks were stopped by the defendants, and one check was not deposited by the plaintiff. The plaintiff seeks a judgment in the sum of $1,250 on the latter six checks, including bank charges. While admitting he was unlicensed, the plaintiff contends that the license is not a requirement because he is suing on the stopped checks, rather than for the services for which the checks were delivered to him.
The defendants counterclaim for damages sustained because of the alleged improper work of the plaintiff. The defendants submitted several photographs clearly depicting the shoddy work by the plaintiff including poor grouting, misaligned tile seams, discolored tiles, a floor tile out of joint, uneven window frames, bulging seams on a counter top, bulging tile joints, splattered glue, unfinished window, and other items. The defendants submitted two itemized estimates for the repair of the above-described defects, for $4,735 and $7,500, respectively. In rebuttal, the plaintiff submitted 13 letters from alleged satisfied customers.
The defendant wife testified that she did not ask for a license nor a contract, because the plaintiff told her that if he had to obtain a license and give a written contract, the price would be higher.
*471 CPLR 3015 (e) requires a home improvement contractor to be duly licensed prior to commencing a cause of action against a consumer for payment for services rendered. This regulatory scheme protects homeowners from abuses and fraudulent practices by persons engaged in the home improvement business (see, Millington v Rapoport, 98 AD2d 765). In addition, section 21-11.2 of the Nassau County Administrative Code bars home improvement contractors from operating without a license. It is also well established that the lack of a license bars recovery in either contract or quantum meruit (Matter of Schwartz [American Swim Pools], 74 AD2d 638; George Piersa, Inc. v Rosenthal, 72 AD2d 593; Segrete v Zimmerman, 67 AD2d 999; Radin v Benjamin, NYLJ, Dec. 28, 1990, at 25, col 3 [App Term, 2d Dept]). Strict compliance of the statute is required (see, George Piersa, Inc. v Rosenthal, supra; Zimmett v Professional Acoustics, 103 Misc 2d 971).
This case appears to be a matter of first impression as to whether this same unlicensed contractor can recover, not for the work performed, but rather for stopped checks given to the contractor by the consumers for whom the work was performed. Can the contractor’s cause of action on the stopped checks evade the mandatory statutory licensing requirement? The court answers in the negative.
An exception to the statutory requirement is not created by the circumstances that the consumers knew the contractor was unlicensed, allowed the contractor to continue, paid for the services, 10 of 16 checks cleared, and then stopped payment.
As a matter of public policy, if one cannot evade the statutory licensing requirement by informing the homeowner of his lack of a license (see, Dartmouth Plan v Valle, 117 Misc 2d 534; Bisantz-Evans v Jauquet, NYLJ, May 15, 1985, at L3, col 1 [Sup Ct, Kings County]), then logic follows that this same contractor cannot sue on stopped checks for his unlicensed work for which he would not have been initially able to bring a cause of action.
With respect to the defendants’ counterclaim, the court finds that based upon the testimony and evidence, the defendants have proven that the contractor performed his work in a "negligent and unskillful manner and failed to hire and supervise qualified people to do the work” (Buchwald v Waldron, 183 AD2d 1080). This constitutes a breach of contract. The defendants are entitled to damages for the cost they must bear in repairing the contractor’s defective work. The defendants are entitled to the fair and reasonable cost to remedy the defects (Bellizzi v Huntley Estates, 3 NY2d 112).
*472 The defendants produced two itemized estimates of $4,735 and $7,500, respectively, for repairs, showing the reasonable value and necessity of such repairs (UDCA 1804). Thus the court finds for the defendants on the counterclaim against the plaintiff in the amount of $3,000, the maximum allowable by statute (UDCA 1801), and the claim of the plaintiff is dismissed.