SECOND DEPARTMENT, JANUARY, 1998

(January 12, 1998)

■ AEC BUILDING ASSOCIATES, Respondent, v HOWARD CRYSTAL et al., Appellants, GE CAPITAL MORTGAGE SERVICES, INC., et al., Defendants, and AGAR CONSTRUCTION CORP. et al., Respondents. [667 NYS2d 399] —In an action to foreclose a mechanic's lien, the defendants Howard Crystal and Monica Crystal appeal from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered March 31, 1997, as, *inter alia,* denied those branches of their motion which were (1) for summary judgment dismissing the complaint insofar as asserted against them and discharging the plaintiff's lien, (2) to declare the plaintiff's lien void on the ground of willful exaggeration and to award them damages pursuant to Lien Law §§ 39 and 39-a, and (3) for judgment on their cross claims to vacate notices of lien filed by the defendants Agar Construction Corp. and Barrett Construction Corp.

Ordered that the order is modified, on the law, by deleting therefrom the provision which denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from,

with costs to the appellants, and the action against the remaining defendants is severed.

The appellants are homeowners who hired the plaintiff, a home improvement contracting company, to perform certain work for them. A dispute over the work subsequently arose, and the plaintiff filed a mechanic's lien against the appellants' premises and thereafter commenced this action to foreclose the lien. The appellants moved, *inter alia*, for summary judgment dismissing the complaint on the ground that the plaintiff was not licensed to operate a home improvement business as required by Administrative Code of the County of Westchester § 863.313. The appellants also sought to have the lien declared void and to recover damages on the basis that the lien was willfully exaggerated (*see,* Lien Law §§ 39, 39-a), as well as to vacate the notices of lien filed by the defendant subcontractors Agar Construction Corp. (hereinafter Agar) and Barrett Construction Corp. (hereinafter Barrett) on the ground that they, too, were unlicensed. The Supreme Court denied the motion, and we now modify to grant that branch of the motion which was to dismiss the complaint insofar as asserted against the appellants.

It is undisputed that the plaintiff does not possess a home improvement contractor's license in its own name. Nevertheless, it contends that it is lawfully licensed because it is merely a division of a larger entity known as Associated Environmental Corp., which does hold such a license. The contention is unpersuasive. The fact that Associated Environmental Corp. is licensed does not obviate the requirement that the plaintiff also be licensed. Indeed, Administrative Code of the County of Westchester § 863.319 prohibits any home improvement contractor from doing business in any name other than the one in which it is licensed. Given the strict application of the licensing laws, it cannot be said that the plaintiff satisfied the licensing requirement in this case, and, therefore, it is not entitled to any relief against the appellants (*see, Ellis v Gold,* 204 AD2d 261; *George Piersa, Inc. v Rosenthal,* 72 AD2d 593).

However, we agree with the denial of the remaining branches of the appellants' motion. The issue of willful exaggeration cannot be resolved as a matter of law on the present record. Summary judgment was not available against Agar and Barrett because issue had not been joined on the cross claims, although the appellants had made a demand for an answer thereto (*see,* CPLR 3011, 3212 [a]). Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.