■ CALLOS, INC., Appellant, v JANE JULIANELLI et al., Respondents, et al., Defendants. [752 NYS2d 398] —In an action,

inter alia, to foreclose mechanic's liens, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered February 27, 2002, which, upon an order of the same court entered November 14, 2001, granting the motion of the defendants Jane Julianelli and South Woods, Inc., for summary judgment dismissing the complaint insofar as asserted against them, dismissed the complaint insofar as asserted against them and discharged the mechanic's liens.

Ordered that the judgment is affirmed, with costs.

It is well settled that licensing statutes are to be strictly construed, and that an unlicensed contractor forfeits the right to recover damages based either on breach of contract or on quantum meruit, as well as the right to foreclose on a mechanic's lien (*see B & F Bldg. Corp. v Liebig,* 76 NY2d 689; *Ellis v Gold,* 204 AD2d 261; *Todisco v Econopouly,* 155 AD2d 441; *George Piersa, Inc. v Rosenthal,* 72 AD2d 593).

The defendants Jane Julianelli and South Woods, Inc., established their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them by establishing that the plaintiff was not licensed to perform home improvements in the Town of East Hampton when the contract was signed or when the work was performed, and the plaintiff failed to raise a triable issue of fact in opposition (*see Ellis v Gold, supra*; *George Piersa, Inc. v Rosenthal, supra*). Accordingly, the Supreme Court properly granted the motion for summary judgment.

The plaintiff's remaining contention is without merit. Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.