■ STARDIAL COMMUNICATIONS CORP., Respondent, v TURNER CONSTRUCTION COMPANY et al., Defendants, and BIG APPLE WRECKING & CONSTRUCTION CORP., Appellant. [784 NYS2d 57]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 30, 2004, which, to the extent appealed from as limited by the brief, denied the motion of defendant Big Apple Wrecking & Construction Corp. for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff sues to recover damages allegedly attributable to the

destruction of certain architectural artifacts to which it had obtained salvage rights by contract. In support of its summary judgment motion, defendant Big Apple contends that the salvage contract upon which plaintiff relies is illegal and unenforceable because plaintiff is not a licensed dealer in second-hand articles (*see* Administrative Code of City of NY § 20-265). This defense is not viable. Even if the salvage activity contemplated by the contract would have entailed plaintiff's violation of the cited Code provision, that would not under the circumstances presented entitle Big Apple to avoid liability. In the instant case, violation of a Code provision would not be malum in se, but merely malum prohibitum, punishable by means of prescribed regulatory sanctions. The Code may not be used as a sword for private gain in litigation, particularly where forfeiture would result (*see Lloyd Capital Corp. v Pat Henchar, Inc.*, 80 NY2d 124 [1992]). Moreover, it is by no means clear that plaintiff's salvage of architectural artifacts would have violated the Code. While previous administrative determinations have upheld penalties imposed upon plaintiff for conducting unlicensed second-hand articles businesses, these do not collaterally estop plaintiff from arguing here that a second-hand article dealer's license was not needed to salvage architectural ornamentation from a building that was to be demolished. Concur—Mazzarelli, J.P., Williams, Friedman, Gonzalez and Catterson, JJ.