■ J.G. CERASUOLO CONSTRUCTION, INC., Respondent, v PATRICE TYLER, Also Known as PATRICE J. TYLER, Defendant and Third-Party Plaintiff-Appellant. MARRONE ARCHITECTS et al., Third-Party Defendants-Respondents. [826 NYS2d 631]—

In an action to recover damages for breach of contract and to foreclose a mechanic's lien, the defendant appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), entered October 27, 2005, which granted that branch of the plaintiff's motion which was for leave to reargue the defendant's prior motion, inter alia, for summary judgment dismissing the complaint, discharging the notice of pendency and mechanic's lien against its property, and severing the counterclaims and cross claims, which had been granted in an order of the same court dated June 30, 2005, and upon reargument, in effect, vacated the order dated June 30, 2005, and denied its prior motion.

Ordered that the order is modified, on the law, by deleting the provision thereof, upon reargument, vacating the order dated June 30, 2005, and denying the defendant's prior motion and substituting therefor a provision, upon reargument, adhering to the original determination in the order dated June 30, 2005, granting the prior motion; as so modified, the order is affirmed, with costs to the defendant.

Article 16 of the Administrative Code of the County of Westchester, § 863.311, *et seq.* (hereinafter the Licensing Law), requires that "[n]o person shall maintain, conduct, advertise, operate or engage in a home improvement business within the County of Westchester or hold himself or herself out as being able to do so, unless such person is licensed pursuant to this article" (Licensing Law § 863.313 [1]). It is a violation of the Licensing Law to "[c]onduct a home improvement business in any name other than the one in which the person is licensed" (Licensing Law § 863.319 [1] [b]). A contractor's failure to adhere to this requirement precludes the contractor from collecting fees from a consumer and enables a consumer to move for dismissal of an action commenced by the contractor against the consumer (*see Callos, Inc. v Julianelli*, 300 AD2d 612 [2002]; *AEC Bldg. Assoc. v Crystal*, 246 AD2d 496 [1998]).

Here, the plaintiff was licensed under its corporate name, J.G. Cerasuolo Construction, Inc., but performed all of its home improvement work under its legally assumed name, J.G.C. Construction (hereinafter JGC). The plaintiff's contract with the defendant was under the name, JGC, its bank account was under the name JGC, all the checks from the defendant were made out to JGC, and the subcontractors identified the plaintiff

as JGC. As the Licensing Law is strictly construed (*see Callos, Inc. v Julianelli, supra; AEC Building Assoc. v Crystal, supra*), the plaintiff is in violation of Licensing Law § 863.319 (1) (b) and is therefore barred from recovering fees against the defendant homeowner. In any event, even assuming that the plaintiff was properly licensed, it failed to duly plead that it was properly licensed as required by CPLR 3015 (e) (*see Westchester Stone, Sand & Gravel v Marcella*, 262 AD2d 403, 404 [1999]; *Cappadona v Salman*, 228 AD2d 632, 633 [1996]). Accordingly, upon reargument, the Supreme Court should have adhered to its original determination granting the defendant's motion, inter alia, for summary judgment dismissing the complaint, discharging the notice of pendency and mechanic's lien against the defendant's property, and severing the counterclaims and cross claims.

The defendant's remaining contentions have been rendered academic in light of our determination. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.