■ BEN KRUPINSKI BUILDER AND ASSOCIATES, INC., Appellant, v THEODORE BAUM et al., Respondents. [828 NYS2d 583]—

In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Oliver, J.), dated April 20, 2005, which granted the defendants' motion for summary judgment dismissing the

complaint, and (2) an order of the same court dated July 29, 2005, which denied the plaintiff's motion, incorrectly treated as one for leave to reargue, but in actuality, was one for leave to renew its opposition to the defendants' motion for summary judgment dismissing the complaint.

Ordered that the appeal from the order dated April 20, 2005 is dismissed as academic in light of our determination on the appeal from the order dated July 29, 2005; and it is further,

Ordered that the order dated July 29, 2005 is reversed, on the law, the motion for leave to renew is granted, upon renewal, the order dated April 20, 2005 is vacated, and the defendants' motion for summary judgment dismissing the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court erred in treating the plaintiff's motion for leave to renew as one for leave to reargue. The renewal motion was based upon new proof which was unavailable when the original motion was made (*see* CPLR 2221; *Brignol v Warren El. Serv. Co.*, 240 AD2d 354 [1997]).

A home improvement contractor who is unlicensed at the time of performance of the work for which he or she seeks compensation forfeits the right to recover damages based on either breach of contract or quantum meruit, as well as the right to foreclose on a mechanic's lien (*see B & F Bldg. Corp. v Liebig*, 76 NY2d 689 [1990]; *Callos, Inc. v Julianelli*, 300 AD2d 612 [2002]; *Ellis v Gold*, 204 AD2d 261 [1994]; *Todisco v Econopouly*, 155 AD2d 441 [1989]; *Piersa, Inc. v Rosenthal*, 72 AD2d 593 [1979]). The defendants established their prima facie entitlement to summary judgment by demonstrating that the plaintiff was not licensed as a home improvement contractor in the Town of Southampton at the time the work was commenced. In opposition, the plaintiff raised a triable issue of fact by submitting the affidavit of the Chairman of the Licensing Review Board of the Town of Southampton, who stated that the plaintiff was in fact lawfully licensed because its principals held licenses to perform home improvement work in the Town. The record further reveals the existence of a question of fact as to whether the agreement which authorized the Town to issue home improvement licenses for the Village of Southampton was still in effect (*see e.g.* Code of Vil of Southampton § 67-11). Accordingly, upon renewal, the Supreme Court should have denied the defendants' motion for summary judgment. Schmidt, J.P., Krausman, Florio and Lifson, JJ., concur.