■ Burton Flax, Appellant, v David Hommel et al., Respondents. [835 NYS2d 735]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated August 30, 2006, as, in effect, denied that branch of his cross

motion pursuant to CPLR 3211 (a) (7) and 3015 (e) which was to dismiss the first counterclaim of the defendant David Hommel to recover damages for breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of plaintiff's cross motion which was to dismiss the first counterclaim of the defendant David Hommel is granted.

The plaintiff is a homeowner who hired the defendant David Hommel (hereinafter Hommel), a home improvement contractor, to perform work for him. A dispute over the work subsequently arose and the plaintiff commenced this action against Hommel and his wife to recover damages for breach of contract. They answered the complaint and Hommel interposed a counterclaim in his individual capacity to recover damages for breach of contract for work performed on behalf of and subsequent to the issuance of a home improvement contractor's license to Selective Contracting Services, Inc. (hereinafter SCSI), a domestic corporation principally owned and controlled by Hommel. The plaintiff cross-moved, inter alia, to dismiss Hommel's first counterclaim on the ground that Hommel was not individually licensed to operate a home improvement business during the relevant period as required in Nassau County (*see* Local Law No. 6 [1970] of County of Nassau). Hommel concedes that he was not individually licensed at the time of the contract or performance of the work at issue. However, it does appear that the nonparty corporation SCSI was so licensed.

A home improvement contractor who is unlicensed at the time of the performance of the work for which he or she seeks compensation forfeits the right to recover damages based on either breach of contract or quantum meruit (*see B & F Bldg. Corp. v Liebig*, 76 NY2d 689 [1990]; *Ben Krupinski Bldr. & Assoc., Inc. v Baum*, 36 AD3d 843 [2007]; *Callos, Inc. v Julianelli*, 300 AD2d 612 [2002]; *Todisco v Econopouly*, 155 AD2d 441 [1989]; *Piersa, Inc. v Rosenthal*, 72 AD2d 593 [1979]). Since Hommel was not individually licensed pursuant to Nassau County Administrative Code § 21-11.2 (L 1939, chs 272, 701-709, as amended) at the time the contract was entered and the work was performed, the alleged contract between Hommel and the plaintiff was unenforceable (*see Brite-N-Up, Inc. v Reno*, 7 AD3d 656 [2004]; *B & F Bldg. Corp. v Liebig, supra*). The Supreme Court erred in denying that branch of the plaintiff's cross motion which was to dismiss the first counterclaim pursuant to CPLR 3211 (a) (7) and 3015 (e). Since Hommel did not satisfy the licensing requirements, he is not entitled to the relief requested in his counterclaim (*see Botsaris v JK Bono Gen.*

*Contrs. Corp.*, 266 AD2d 329 [1999]). Moreover, the fact that SCSI, a nonparty, possessed a corporate license does not change this result (*see Piersa, Inc. v Rosenthal, supra*). As the counterclaimant in his individual capacity, Hommel was required to plead that he was possessed of a duly issued license in order to maintain his counterclaim to recover damages for breach of contract (CPLR 3015 [e]). Given the strict application of the licensing laws, it cannot be said that Hommel satisfied the licensing requirement in this case, and therefore he is not entitled to any relief against the plaintiff (*see AEC Bldg. Assoc. v Crystal*, 246 AD2d 496 [1998]; *Ellis v Gold*, 204 AD2d 261 [1994]; *Piersa, Inc. v Rosenthal, supra*). Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.