■ ANTHONY MARRACCINI, Respondent, v JOHN RYAN et al., Appellants, et al., Defendants. [899 NYS2d 264]—

In an action, inter alia, to recover in quantum meruit, the defendants John Ryan and Pam Ryan appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (DiBella, J.), entered August 24, 2009, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them, to dismiss the complaint pursuant to CPLR 3015 (e) and 3211 (a) (7) insofar as asserted against them, and to vacate a mechanic's lien and cancel the notice of pendency filed against their property, and as granted the plaintiff's cross motion for leave to amend the complaint to allege that he was issued a home improvement license by the Westchester County Department of Consumer Protection.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the appellants' motion which were for summary judgment dismissing the complaint insofar as asserted against them and to vacate the mechanic's lien and cancel the notice of pendency filed against their property are granted, that branch of the appellants' motion which was to dismiss the complaint pursuant to CPLR 3015 (e) and 3211 (a) (7) insofar as asserted against them is denied as academic, and the plaintiff's cross motion for leave to amend the complaint to allege that he was issued a home improvement license by the Westchester County Department of Consumer Protection is denied, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an order directing the Westchester County Clerk to vacate the mechanic's lien and cancel the notice of pendency filed against the appellants' property.

The only operative document, the license issued by the Westchester County Department of Consumer Protection, indicates that a home improvement license was issued to Coastal Construction Development (hereinafter Coastal). Although the plaintiff operates Coastal, the license was not issued in his name.

The defendants John Ryan and Pam Ryan (hereinafter together the appellants) established their prima facie entitlement to judgment as a matter of law by showing that the improvements to the defendants' home were done in the plaintiff's name, rather than that of Coastal, and that the plaintiff therefore violated section 863.319 (1) (b) of the Administrative Code of the County of Westchester (see *Flax v Hommel*, 40 AD3d 809 [2007]; *J.G. Cerasuolo Constr., Inc. v Tyler*, 35 AD3d 376 [2006]; *AEC Bldg. Assoc. v Crystal*, 246 AD2d 496 [1998]; *George Piersa, Inc. v Rosenthal*, 72 AD2d 593

[1979]). In opposition, the plaintiff failed to raise a triable issue of fact. Consequently, the Supreme Court should have granted those branches of the appellants' motion which were for summary judgment dismissing the complaint insofar as asserted against them, and to vacate a mechanic's lien and cancel the notice of pendency filed against the subject property (see *Callos, Inc. v Julianelli*, 300 AD2d 612, 613 [2002]).

Further, the Supreme Court should have denied the plaintiff's cross motion for leave to amend the complaint to allege that he was issued a home improvement license by the Westchester County Department of Consumer Protection. Since the proposed amended complaint did not allege that the plaintiff possessed a license in his own name, the proposed amendment is palpably insufficient as a matter of law (see e.g. *Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2008]; cf. *Pepe v Tannenbaum*, 262 AD2d 381, 382 [1999]).

In light of our determination, we need not reach the appellants' remaining contention. Rivera, J.P., Covello, Miller and Chambers, JJ., concur.