OPINION OF THE COURT
James A. Yates, J.
Plaintiff moves for summary judgment in lieu of complaint pursuant to CPLR 3213. For the following reasons, plaintiffs motion is denied.
Background
Plaintiff, Capital Construction Management of New York, LLC, alleges that it is a “construction manager in connection with the rehabilitation and redevelopment project undertaken by Defendant” (affidavit of Michael Oz, Mar. 8, 2010, 1i 5; see id., exhibit C [loan agreement]) at a condominium at 215 East 81st Street, New York, New York (affirmation of Yossi Zaga, Apr. 9, 2010, 1i 2). Plaintiff claims that as a result of its work, defendant “originally owed [plaintiff] the sum of $1,170,000.00 (the ‘Original Debt’). Defendant had difficulty paying the original debt and left a balance of $700,000.00.” (Affidavit of Michael Oz, Mar. 8, 2010, 1i 7.) “Thereafter, on or about December 7, 2007, [plaintiff] entered into a loan agreement with Defendant (the ‘Loan Agreement’), whereby Defendant agreed to repay the remaining balance owed to [plaintiff] with additional interest of $55,000.00” (id. H 8; see id. exhibit C [loan agreement]). Plaintiff asserts that pursuant to the loan agreement, defendant issued three checks aggregating in the amount of $755,000, which failed collection (id. 111Í 9-10).
On January 29, 2010, plaintiff commenced the instant action by serving and filing a summons with notice of motion for summary judgment in lieu of complaint, seeking, among other things, damages in excess of $755,000 (id. exhibit E [summons *261 with notice and motion]). Plaintiff argues that it seeks summary judgment in lieu of complaint “based upon a series of instruments for payment of money only (to wit: three uncollected checks), which are now due and payable to Plaintiff” (plaintiffs notice of motion, Jan. 25, 2010, at 1). Defendant opposes the motion, alleging, among other things, that plaintiff is an “unlicensed general contractor” whom defendant hired to renovate the condominium (affirmation of Yossi Zaga, Apr. 9, 2010, 11 6).
Discussion
CPLR 3213 provides: “When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint.” “In support of [a] motion for summary judgment in lieu of complaint, the plaintiff [must] establish! ] a prima facie entitlement to judgment as a matter of law by producing the promissory note executed by the parties and demonstrating that the defendant had defaulted in payment thereon” (Silber v Muschel, 190 AD2d 727, 727 [1st Dept 1993] [citation omitted]). “It [i]s then incumbent upon the defendant ] to demonstrate, by admissible evidence, the existence of a triable factual issue” (Faustini v Darth Provisions Co., 131 AD2d 809, 810 [2d Dept 1987]).
Before the court is the question of whether a self-described “construction manager” is barred by the proscription in CPLR 3015 against recovery by unlicensed home improvement contractors and, if so, whether the bar can be evaded by calling money due under the contract a “loan” and thereafter claiming that notes or checks written to honor the “loan” are merely instruments for money only which may be enforced by a motion under CPLR 3213.
First, “CPLR 3015 (e) requires a home improvement contractor to be duly licensed prior to commencing a cause of action against a consumer for payment for services rendered” (Cudahy v Cohen, 171 Misc 2d 469, 471 [Nassau Dist Ct 1997]). CPLR 3015 (e) states:
“Where the plaintiff’s cause of action against a consumer arises from the plaintiffs conduct of a business which is required by state or local law to be licensed by the department of consumer affairs of the city of New York, the Suffolk county depart *262 ment of consumer affairs, the Westchester county department of consumer affairs/weight-measures, the county of Rockland, the county of Putnam or the Nassau county department of consumer affairs, the complaint shall allege, as part of the cause of action, that plaintiff is duly licensed and shall contain the name and number, if any, of such license and the governmental agency which issued such license; provided, however, that where the plaintiff does not have a license at the commencement of the action the plaintiff may, subject to the provisions of rule thirty hundred twenty-five of this article, amend the complaint with the name and number of an after-acquired license and the name of the governmental agency which issued such license or move for leave to amend the complaint in accordance with such provisions. The failure of the plaintiff to comply with this subdivision will permit the defendant to move for dismissal pursuant to paragraph seven of subdivision (a) of rule thirty-two hundred eleven of this chapter.”
Plaintiff attempts to avoid the issue of whether it is licensed, by filing a motion for summary judgment in lieu of complaint on the checks issued by defendant, and not the work performed or the loan agreement. While the court recognizes that checks may be proper “instruments] for the payment of money only” (CPLR 3213) recoverable by a motion for summary judgment in lieu of complaint (see Taboada v Bank of Babylon, 95 Misc 2d 1000, 1001 [Suffolk Dist Ct 1978] [“An official bank check is an instrument for the payment of money only within this meaning of CPLR 3213 and is a proper subject for a motion of this nature”]; see e.g. Thunderball Mktg. v Riemer, 273 AD2d 29, 29-30 [1st Dept 2000] [affirming trial court’s decision granting summary judgment in lieu of complaint on checks for $28,004.02]), the court finds that under these facts, a motion for summary judgment in lieu of complaint is not appropriate.
“An unlicensed home improvement contractor may not sue homeowners on ‘stopped’ checks given to the contractor by the homeowner in payment of home improvement services, even though the homeowner knew the contractor was unlicensed” (Cudahy, 171 Misc 2d at 470). “[T]he purpose of the regulatory scheme is to protect the homeowner against abuses and fraudulent practices by persons engaged in the home improvement business” (Millington v Rapoport, 98 AD2d 765, 766 [2d Dept *263 1983]). If “the plaintiff is not licensed, it may not recover in either contract or quantum meruit” (George Piersa, Inc. v Rosenthal, 72 AD2d 593, 593 [2d Dept 1979]). “[A] home improvement contractor must comply with two separate tests to advance a claim: (1) a valid license at the time of pleading, and (2) a valid license at the time of the contract and work. If the contractor cannot meet both tests its claim must be dismissed.” (Zandell v Zerbe, 139 Misc 2d 737, 740 [Civ Ct, NY County 1988].)
Here, plaintiff admits as much: that the checks by defendant were issued for “work performed by” plaintiff (affidavit of Michael Oz, Mar. 8, 2010, 11 6). Plaintiff alleges that “Defendant was satisfied with the work performed” by plaintiff and “accordingly agreed to pay the Original Debt” (id. 1i 7). Plaintiff claims defendant issued “three checks aggregating to $755,000.00 (the ‘Checks’), each of which were drawn, executed and tendered by Defendant to [plaintiff], for the purposes of satisfying the portion of the Original Debt owed by Defendant to [plaintiff]” (id. H 9 [emphasis added]). Allowing an unlicensed contractor to circumvent CPLR 3015 (e) by having it enter into a loan agreement, and then having it sue on the loan agreement or issued checks pursuant to CPLR 3213, would be against public policy.
Plaintiff claims “there is no evidence that Plaintiff was not licensed at the time the renovations were performed” (plaintiffs reply mem, Apr. 16, 2010, at 5 n 1). CPLR 3015 (e), however, is not defeated if there was no evidence that plaintiff was unlicensed at the time the work was performed. Rather, courts consistently hold that plaintiff must affirmatively show that it was licensed at the time of execution of the contract, at the time of performance, and at the time it filed suit (see e.g. B & F Bldg. Corp. v Liebig, 76 NY2d 689, 693-694 [1990]; Hughes & Hughes Contr. Corp. v Coughlan, 202 AD2d 476, 477 [2d Dept 1994]; Millington, 98 AD2d at 766), and plaintiff has not alleged that.
The next issue becomes whether plaintiff, as a self-alleged “construction manager,” must be licensed in order to recover. “A home improvement contractor performing work within the City of New York must be licensed by the Department of Consumer Affairs” pursuant to Administrative Code of the City of New York § 20-387 (Zandell, 139 Misc 2d at 737). Section 20-387 (a) of the Administrative Code provides that “[n]o person shall solicit, canvass, sell, perform or obtain a home improve *264 ment contract as a contractor or salesperson from an owner without a license therefor.”
Section 20-386 (5) and (9) of the Administrative Code define “contractor” and “salesperson,” respectively. Section 20-386 (5) broadly defines “contractor” as
“any person or salesperson, other than a bona fide employee of the owner, who owns,' operates, maintains, conducts, controls or transacts a home improvement business and who undertakes or offers to undertake or agrees to perform any home improvement or solicits any contract therefor, whether or not such person is licensed or subject to the licensing requirements of this subchapter, and whether or not such person is a prime contractor or subcontractor with respect to the owner.” (Emphasis added.)
Administrative Code § 20-386 (9) also broadly defines a “salesperson” to encompass
“any individual who negotiates or offers to negotiate a home improvement contract with an owner, or solicits or otherwise endeavors to procure in person a home improvement contract from an owner on behalf of a contractor, or for himself or herself should the salesperson be also the contractor, whether or not such person is licensed or subject to the licensing requirements of this subchapter.”
The Court of Appeals has held that “[t]he label of construction manager versus general contractor is not necessarily determinative” (Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]). Indeed, several issues of fact clearly exist, including whether plaintiff falls under the definition of “contractor” or “salesperson” under Administrative Code § 20-386 (5) and (9), which precludes plaintiff from recovering on its motion for summary judgment in lieu of complaint. For one, under the loan agreement,
“Owner [of the land and building] has paid to [plaintiff] $695,000, which amount equal[s] the sum of (i) $542,000.00 representing payment of a portion of Construction Expenses, and (ii) $153,000, representing certain of the costs payable by Owner and [defendant] to [plaintiff] in connection with the closing of this loan” (affidavit of Michael Oz, Mar. 8, 2010, exhibit C [loan agreement] at 1 [emphasis added]).
*265 Additionally, it is worth noting that not all the contractors hired by plaintiff or the owner are themselves licensed. To accept plaintiffs argument that a construction manager need not be licensed and then permit the construction manager to complete the project with unlicensed contractors is an invitation to circumvention of the law’s protection which should not be countenanced. Owner and the plaintiff entered into a “Construction Contract,” dated March 1, 2006, where plaintiff “submitt[ed] the following construction breakdown” (id. exhibit C [loan agreement]; exhibit A [construction contract] at 1) to the owner, which included, among other work, “[d]emolition” (id.), “[c]arpentry work” (id.), “[r]eplac[ing] all existing windows” (id.), “[r]eplac[ing] all sprinkler heads” (id. at 2), “[c]abinetry [w]ork” (id.), “[s]tairs [and] [r]ails” (id.) and “[p]ainting” (id.). Exhibit A of the construction contract shows that plaintiff facilitated contracts between owner and the following contractors: (1) “Elite Ness” (id. at 3); (2) “Taj Piping & Heating” (id.); and (3) “Arial” (id.). A search at the New York City Department of Consumer Affairs Web site* shows that Elite Ness is licensed (license No. 1216633), and Taj Piping & Heating and Arial are not (site checked Apr. 29, 2010).
In sum, issues of fact exist, including whether plaintiff is a “contractor” or “salesperson” under Administrative Code § 20-386 (5) and (9), and whether this was a home improvement project, which issues require resolution by means other than summary judgment in lieu of complaint.
Conclusion
For the reasons stated, it is hereby ordered, that plaintiffs motion for summary judgment in lieu of complaint is denied; and it is further ordered, that plaintiff shall serve a formal complaint upon defendant’s attorney within 20 days of service on plaintiffs counsel of a copy of this order with notice of entry and defendant shall move against or serve an answer to the complaint within 20 days after service of the complaint.

 Http://www.nyc.gov/html/dca/html/licenses/license_check.shtml.