■ Quick Start Construction Corp., Respondent, v Billy Staiger, Also Known as William Staiger, et al., Appellants.

[910 NYS2d 131]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohen, J.), entered March 10, 2010, as, upon reargument, adhered to the original determination in an order of the same court dated January 20, 2010, denying their motion, among other things, for summary judgment dismissing the complaint.

Ordered that the order entered March 10, 2010, is affirmed insofar as appealed from, with costs.

During the summer of 2007, the defendants contracted with the plaintiff, Quick Start Construction Corp., to perform renovations to their home in Patchogue. The work commenced in September 2007. In December 2007 the plaintiff presented the defendants with a contract for additions and extras. The defendants refused to sign the proposed contract or to pay any further amounts. In March 2008 the plaintiff filed a mechanic's lien against the defendants' property for the sum of $65,905. In 2009 the plaintiff commenced this action against the defendants. After issue was joined, the defendants moved, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiff was not a licensed home improvement contractor in Suffolk County, and was thus unable to recover any allegedly outstanding monies from them. The Supreme Court denied the motion. Thereafter, upon reargument, the Supreme Court adhered to its original determination. We affirm.

Licensing statutes are to be strictly construed and an unlicensed contractor forfeits the right to recover damages based either on breach of contract or quantum meruit (see Flax v Hommel, 40 AD3d 809, 810 [2007]; Callos, Inc. v Julianelli, 300 AD2d 612, 613 [2002]; George Piersa, Inc. v Rosenthal, 72 AD2d 593, 594 [1979]). Moreover, a home improvement contractor must plead possession of a valid license in order to commence an action to foreclose a mechanic's lien (see Nicotra v Manger, 64 AD3d 547 [2009]).

Here, the plaintiff explicitly pleaded that he was a duly

licensed home improvement contractor pursuant to a license issued by the Suffolk County Executive's Office of Consumer Affairs. In support of their motion for summary judgment, the defendants submitted, inter alia, a copy of the home improvement contractor license issued specifically to "Robert M. Chiarello doing business as Quick Start Construction Corp." The defendants alleged in conclusory fashion that the license was issued to Chiarello, not to the plaintiff, and that, as such, the plaintiff was unlicensed and unable to recover any unpaid sums from them. Since corporations function only through the agency of others (see *Oliner v Mid-Town Promoters*, 2 NY2d 63 [1956]), the defendants failed to make a prima facie showing that the license did not encompass the plaintiff, as well as its principal, Robert M. Chiarello. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to address the sufficiency of the plaintiff's opposition papers (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Allstate Ins. Co. v Persampire*, 45 AD3d 706, 707 [2007]).

The defendants' remaining contentions are without merit. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.