In an action, inter alia, to recover damages for breach of contract, conversion, and libel, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 28, 2011, as granted that branch of the motion of the defendant Nicole Corrado which was for summary judgment dismissing the cause of action to recover damages for conversion insofar as asserted against her.
Ordered that the order is affirmed insofar as appealed from, with costs.
*577 The plaintiffs were contractors who performed renovation and repair work at a flood-damaged residence owned by the defendant Nicole Corrado in Westhampton Beach. The plaintiffs commenced this action against Corrado, among others, alleging, inter alia, that Corrado converted certain funds paid to her by her insurer that were meant to be tendered to the plaintiffs to compensate them for work they had performed. Corrado moved for summary judgment dismissing the complaint insofar as asserted against her, arguing, as relevant to this appeal, that since the plaintiffs were unlicensed home improvement contractors, they could not recover damages from her under any theory of recovery, including conversion of money allegedly owed to them either pursuant to contract or under the quasi-contractual theory of quantum meruit.
A contractor who is unlicensed in the municipality where the work is performed is barred from recovery in contract or under any contractual or quasi-contractual theory (see Suffolk County Code § 563-8; J.M. Bldrs. & Assoc., Inc. v Lindner, 67 AD3d 738, 741 [2009]; Flax v Hommel, 40 AD3d 809, 810 [2007]). Here, the plaintiffs admitted that they were unlicensed in Suffolk County at the time they undertook the work in dispute. Therefore, the Supreme Court properly granted that branch of Corrado’s motion which was for summary judgment dismissing the cause of action to recover damages for conversion of a check she had received from her insurer, the amount of which would have been payment under an alleged contract to perform the work or payment under the quasi-contractual theory of quantum meruit for the value of work allegedly performed (see Suffolk County Code § 563-8). Dillon, J.E, Chambers, Roman and Cohen, JJ., concur.