[993 NYS2d 435]

Edward Del Carlo, Doing Business as D & L Pump Co., Appellant, v Staten Island Little League, Inc., Respondent, et al., Defendant.

Supreme Court, Appellate Term, Second Department,
2d, 11th and 13th Judicial Districts, August 20, 2014

**APPEARANCES OF COUNSEL**

*Walter E. Anderocci*, Brooklyn, for appellant.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the order, insofar as appealed from, is reversed, without costs, and the branch of defendants' cross motion seeking summary judgment dismissing so much of the complaint as

was asserted against defendant Staten Island Little League, Inc., is denied.

Plaintiff Edward Del Carlo, doing business as D & L Pump Co., seeks in this action to recover the principal sum of $18,316.59 for the installation of two separate water pump systems for defendant Staten Island Little League, Inc. (Little League). Little League had previously irrigated its softball fields in the Dongan Hills section of Staten Island with water it had purchased from the City of New York. From 2009 to 2010, in order to eliminate its dependence on the City of New York for its water supplies, Little League undertook a project of drilling water wells and installing water withdrawal systems. The complaint alleges that Little League failed to pay for the "water pump systems" that were installed for the ball fields. It sets forth causes of action against both Little League and its vice-president, Lawrence Delmar, for breach of contract, unjust enrichment, and based on an account stated, and causes of action against Delmar for tortious interference with a contract and for fraud. After defendants answered the complaint, denying liability, plaintiff moved for summary judgment, and defendants cross-moved for summary judgment dismissing the complaint. Plaintiff's motion was denied, and defendants' cross motion for summary judgment dismissing the complaint was granted in favor of both defendants, upon a finding by the Civil Court that plaintiff had been engaged in water well drilling in the State of New York and thus was required to have, but had failed to obtain, a certificate of registration from the New York State Department of Environmental Conservation (DEC). Without such a certificate, the court concluded, plaintiff lacked standing to sue defendants. As limited by his brief, plaintiff appeals from so much of the order as granted the branch of defendants' cross motion seeking summary judgment dismissing so much of the complaint as was asserted against defendant Little League.

The Civil Court, relying on a number of decisions in cases that involved unlicensed home improvement contractors (*e.g. Quick Start Constr. Corp. v Staiger*, 77 AD3d 900 [2010]; *Flax v Hommel*, 40 AD3d 809 [2007]), concluded that dismissal was required because plaintiff was an unlicensed contractor. Home improvement contractors, however, are subject to uniquely stringent contracting requirements (*see* General Business Law

*art 36-A) and limitations on their rights to enforce their contracts, if they are unlicensed (see e.g. B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990]; CMC Quality Concrete III, LLC v Indriolo, 95 AD3d 924 [2012]; see also* CPLR 3015 [e] [imposing pleading requirements in actions against consumers brought by plaintiffs whose businesses are required to be licensed by various departments of consumer affairs]; *Matter of Migdal Plumbing & Heating Corp. [Dakar Devs.],* 232 AD2d 62, 65 [1997] [construing "consumer" under CPLR 3015 (e) to include persons, families and households]; ECL 15-1525 [3] [extending requirements for home improvement contractors to water well drillers who are acting as home improvement contractors]). These rules are inapplicable to the instant controversy, which involves contracts pertaining to softball fields, not home improvements.

The Water Resources Law (ECL art 15) was enacted in recognition of the State's sovereign power to regulate and control its water resources (ECL 15-0103, 15-0105). DEC and the Attorney General are primarily entrusted with enforcement of the law (*see* ECL 71-0401, 71-0403, 71-1103, 71-1115, 71-1127). Substantial sanctions are imposed for noncompliance, including a fine of not more than $1,000 and civil penalties of not more than $1,500 (ECL 71-1115), as well as, in an action by the Attorney General, a civil penalty of not more than $2,500 for a violation of the law and an additional civil penalty of not more than $500 for each day during which the violation continues (ECL 71-1127). The law does not require water well drillers to plead and prove their registration in an action to recover for their services, nor does it provide for persons who contract with unregistered water well drillers to be permitted to interpose illegality as a defense against payment.

In the early case of *Rosasco Creameries, Inc. v Cohen* (276 NY 274 [1937]), the Court of Appeals held that a purchaser could not avoid his contractual obligations based on the plaintiff milk dealer's failure to obtain a milk-dealing license, as required by statute, commenting:

> "Illegal contracts are generally unenforcible. Where contracts which violate statutory provisions are merely *malum prohibitum*, the general rule does not always apply. If the statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the require-

ments of public policy or appropriate individual punishment, the right to recover will not be denied" (276 NY at 278).

*Rosasco Creameries* retains its vitality, with subsequent courts commenting that "forfeitures by operation of law are disfavored, particularly where a defaulting party seeks to raise illegality as 'a sword for personal gain rather than a shield for the public good' " (*Lloyd Capital Corp. v Pat Henchar, Inc.*, 80 NY2d 124, 128 [1992], quoting *Charlebois v Weller Assoc.*, 72 NY2d 587, 595 [1988]; *see also Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 14 NY3d 898 [2010]). On the other hand, we are cognizant of the fact that, even apart from cases involving home improvement contractors, where applicable licensing statutes are for the protection of public health and safety, unlicensed contractors have sometimes been prohibited from recovering on their contracts (*e.g. Richards Conditioning Corp. v Oleet*, 21 NY2d 895 [1968]).

We are of the view that contracts which violate the registration requirements of the Water Resources Law are more in the nature of "malum prohibitum" than "malum per se" (*see Lloyd Capital Corp. v Pat Henchar, Inc.*, 80 NY2d 124, 128 [1992]; *see also Stardial Communications Corp. v Turner Constr. Co.*, 12 AD3d 181 [2004]; *Joe O'Brien Investigations v Zorn*, 263 AD2d 812, 814-815 [1999]). In our view, based on the extensive regulatory sanctions and enforcement mechanisms set forth in the Water Resources Law, and the statute's lack of a prohibition against unlicensed water well drillers recovering on their contracts, even if plaintiff is deemed a water well driller, as the Civil Court found as a matter of law, and, thus, is required to register as a water well driller, his failure to register does not bar plaintiff from recovering from Little League.

Moreover, even if, notwithstanding the preceding analysis, we were to conclude that it is a prerequisite to their standing to sue that water well drillers obtain a certificate of registration from the DEC, summary judgment dismissing so much of the complaint as was asserted against Little League would, in any event, not be warranted since it cannot be said, based on the record presented, that plaintiff was in fact a "water well driller" within the meaning of the Environmental Conservation Law.

In support of their cross motion for summary judgment, defendants argued that even though plaintiff claimed to be in the business of selling and installing water withdrawal systems, his company was merely the alter ego of D & L Well Drilling, which

had drilled the wells on Little League's softball fields; thus, they claimed, plaintiff was subject to the registration requirements for water well drillers. Plaintiff denied defendants' assertion that his company, D & L Pump Co., was merely the alter ego of D & L Well Drilling, which he claimed was his sister Diane D. Lane's company. He contended that the claim that he was required to register as a water well driller was meritless and obfuscated the fact that he was seeking to recover on his contract for the installation of water withdrawal systems on Little League's softball fields, not for work performed as a water well driller. Even though D & L Well Drilling and D & L Pump Co. had given defendants a joint estimate for the drilling of a well and the installation of a water withdrawal system, plaintiff submitted evidence indicative that his company, D & L Pump Co., was engaged solely in the business of selling and installing water withdrawal systems. For example, a three-page estimate showed that payment for well drilling was to be made to D & L Well Drilling, while payment for the installation of a water withdrawal system was to be made to D & L Pump Co. Plaintiff also showed that, whereas between April 2009 and September 2009, Little League had been invoiced a total of $21,025 for the drilling of three separate wells, and, between April 23, 2009 and November 21, 2009, defendant had paid D & L Well Drilling a total of $19,525, the invoices at issue in this action were solely on the letterhead of D & L Pump Co. and were dated March 29, 2010, and thus postdated both the invoices for the well drilling and the payments Little League had made to D & L Well Drilling, and were for the sale and installation of water withdrawal systems from two separate wells on Little League's Dongan Hills baseball fields. No evidence was submitted as to whether plaintiff's work had included any activities which would constitute water well drilling under the Environmental Conservation Law.

Based on the foregoing, the Civil Court erred in awarding summary judgment dismissing so much of the complaint as was asserted against Little League (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), as plaintiff's failure to register as a water well driller does not bar his recovery against Little League and since, in any event, it cannot be said, as a matter of law, that plaintiff is a water well driller.

Accordingly, the order, insofar as appealed from, is reversed, and the branch of defendants' cross motion seeking summary

judgment dismissing so much of the complaint as was asserted against defendant Staten Island Little League, Inc. is denied.

PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.