■ TRILEGIANT CORPORATION, Respondent, v ORBITZ, LLC, et al., Appellants. [5 NYS3d 366]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 7, 2013, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, and order, same court and Justice, entered December 24, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss defendants' second, third, fifth, eighth, ninth and eleventh affirmative defenses, unanimously affirmed, with costs.

In this action for breach of contract, defendants exercised an early termination option pursuant to which they were required to make quarterly payments compensating plaintiff for the early termination of the parties' master services agreement. Defendants, who began making the payments but ceased making them in June 2010, argue that the obligation to make early termination payments was mooted by the enactment of the Restore Online Shoppers' Confidence Act (ROSCA) (15 USC §§ 8401-8405, as added by Pub L 111-345, 124 US Stat 3618), a federal statute governing the passing of certain customer data for online third-party retail transactions, as well as the fact that in or about January 2010, plaintiff voluntarily changed its online marketing methods to comply with the soon to be enacted requirements of ROSCA. The motion court properly denied the motion for summary judgment seeking dismissal of the complaint based on defendants' malum in se illegality defense. The marketing practices prohibited by the statute are

not malum in se, but merely malum prohibitum and, under the circumstances, there is no basis to render unenforceable the contractual provision requiring defendants to pay fees based on early termination of the parties' agreement (*see e.g. Stardial Communications Corp. v Turner Constr. Co.*, 12 AD3d 181, 182 [1st Dept 2004]). We note that the termination payments were premised on projected revenues for the term ending December 31, 2010 and ROSCA became effective as of December 29, 2010. Thus, the fees, although scheduled to be paid out through 2016, reflect only two days of projected revenues that were earned through means made illegal by ROSCA.

There is no merit to defendants' affirmative defense that, in anticipation that plaintiff's service would become illegal, they properly repudiated the agreement. Defendants exercised the agreement's early termination option three years before the law was changed, and two years before plaintiff itself changed its marketing procedures. Defendants cannot invoke impossibility of performance, as it was they who terminated the agreement (*see Folsom Metal Prods., Inc. v Torus Equip. Co.*, 113 F3d 212, 215 [11th Cir 1997]; Restatement [Second] of Contracts § 261). Nor does the early termination option constitute a liquidated damages provision based on impossibility of performance; it is a contractual remedy for defendants' choice to terminate the agreement early. Concur—Acosta, J.P., Renwick, Feinman, Clark and Kapnick, JJ. **[Prior Case History: 2013 NY Slip Op 32381(U).]**