Nationwide HVAC Supply Corp. v Mosby (2025 NY Slip Op 06712)

Nationwide HVAC Supply Corp. v Mosby

2025 NY Slip Op 06712

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-04155
 (Index No. 610770/23)

[*1]Nationwide HVAC Supply Corp., etc., respondent,
v
Andrew Mosby, appellant.

Thomas Stanziale, Port Washington, NY, for appellant.
Zimmerman Law, P.C., Huntington Station, NY (Robert Vadnais of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien and to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Erica L. Prager, J.), entered February 23, 2024. The order denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is granted.
The defendant hired the plaintiff to install a heating, ventilation, and air-conditioning (hereinafter HVAC) system at his home in Nassau County. Thereafter, the plaintiff filed a mechanic's lien against the defendant's property, seeking payment for the work performed. The plaintiff commenced this action, inter alia, to foreclose the mechanic's lien and to recover damages for breach of contract. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint on the ground that the plaintiff was not licensed to perform home contracting work in the County. In an order entered February 23, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7)[,] 'the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d 790, 791, quoting Mawere v Landau, 130 AD3d 986, 988; see Leon v Martinez, 84 NY2d 83, 87). "Moreover, the court may consider affidavits submitted by the pleading party to remedy any defects in the pleading, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true" (Island Ordnance Sys., LLC v Amerimex, Inc., 224 AD3d 821, 822; see Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669).
Pursuant to Nassau County Administrative Code § 21-11.2, anyone operating a home improvement business must be licensed. "Licensing statutes are to be strictly construed and an unlicensed contractor forfeits the right to recover damages based either on breach of contract or quantum meruit" (Quick Start Constr. Corp. v Staiger, 77 AD3d 900, 900; see B & F Bldg. Corp. [*2]v Liebig, 76 NY2d 689, 691; Electrical Contr. Solutions Corp. v Trump Vil. Section 4, Inc., 226 AD3d 746, 748). "Moreover, a home improvement contractor must plead possession of a valid license in order to commence an action to foreclose a mechanic's lien" (Quick Start Constr. Corp. v Staiger, 77 AD3d at 900; see Nicotra v Manger, 64 AD3d 547).
Here, the complaint, even as supplemented by an affidavit from the plaintiff's president, failed to allege that the plaintiff was licensed to perform home improvement work in the County. As the plaintiff was not licensed to perform home improvement work in the County, it may not recover damages for breach of contract against the defendant and has forfeited the right to foreclose the mechanic's lien (see ENKO Constr. Corp. v Aronshtein, 89 AD3d 676, 677-678; Flax v Hommel, 40 AD3d 809, 810; Matter of Scaturro v M.C.S. Landscape, 212 AD2d 798, 798-799). The plaintiff's contention that recovery should not be denied because the installation of the HVAC system was performed by a duly licensed subcontractor is without merit, as such a relationship is insufficient to permit an unlicensed contractor to recover for work performed (see Mikoma Elec., LLC v Otek Bldrs., LLC, 233 AD3d 856, 858-859; Electrical Contr. Solutions Corp. v Trump Vil. Section 4, Inc., 226 AD3d at 748).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court